[Civ. No. 19545. Third Dist. Apr. 15, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
THE JUSTICE COURT FOR THE OROVILLE JUDICIAL DIS-
TRICT OF BUTTE COUNTY, Defendant and Respondent;
GERALD N. DeROCO, Real Party in Interest and Appellant.

THE PEOPLE, Plaintiff and Respondent, v.
THE JUSTICE COURT FOR THE OROVILLE JUDICIAL DIS-
TRICT OF BUTTE COUNTY, Defendant and Respondent;
ROBERT C. JOHNSON, Real Party in Interest and Appellant.

THE PEOPLE, Plaintiff and Respondent, v.
THE JUSTICE COURT FOR THE OROVILLE JUDICIAL DIS-
TRICT OF BUTTE COUNTY, Defendant and Respondent;
RICHARD BOYD JOHNSON, Real Party in Interest and Appellant.

**COUNSEL**

Mulkey, Aisthorpe, Kelly & Cook, Loyd H. Mulkey, Jr., Sedor, Gilbert & Van Dervoort, J. Joseph Van Dervoort, Howell & Howell and Steven J. Howell for Real Parties in Interest and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson, Robert D. Marshall and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**PARAS, J.**—Real parties in interest (hereinafter defendants), against whom felony charges were filed, appeal from judgments granting writs of prohibition and mandate to prevent justice court judges sitting as magistrates from ruling on prepreliminary hearing motions and demurrers. Defendant Richard Johnson moved for discovery and recusal of the Butte County District Attorney's office. Defendants Robert Johnson and Gerald DeRoco demurred. The People opposed the motions and demurrers on the basis of lack of jurisdiction, and also petitioned the superior court. The court granted the petitions and issued the writs "solely under the compulsion of the new Peter's principle" (*People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651]). We consolidated the cases on appeal.

■ The issue of a magistrate's jurisdiction to entertain and rule upon a demurrer has now been determined at the appellate level. In *In re Geer* (1980) 108 Cal.App.3d 1002 [166 Cal.Rptr. 912], decided after the issuance of the writs before us, the Court of Appeal reviewed a magistrate's order transferring a pending case (in which the preliminary hearing had not yet been held) to the superior court for hearing on a demurrer. The court reviewed the relevant statutory and case law, including *People v. Peters, supra*, 21 Cal.3d 749, and concluded the magistrate could and should hear and rule on the demurrer. We agree.

■ The issue of discovery motions before magistrates has also been recently considered at the appellate level. Two cases are presently pending before our Supreme Court (*Younger v. Municipal Court (Monica)* 2 Civ. 57355[1] and *Holman v. Superior Court*, 1 Civ. 50084[2]) which undoubtedly will determine the issue. Meanwhile, existing authority shows that a defendant has a constitutional and statutory right to present an affirmative defense at a preliminary hearing (*Jennings v. Superior Court* (1967) 66 Cal.2d 867, 871 [59 Cal.Rptr. 440, 428 P.2d 304]) and that prehearing discovery may be necessary to effectuate that right (*People v. Hertz* (1980) 103 Cal.App.3d 770 [163 Cal.Rptr. 233]; see also *Theodor v. Superior Court* (1972) 8 Cal.3d 77, 90 [104 Cal.Rptr. 226, 501 P.2d 234]; *Mitchell v. Superior Court* (1958) 50 Cal.2d 827, 829 [330 P.2d 48]; *Saulter v. Municipal Court* (1977) 75 Cal.App.3d 231, 248, fn. 4 [142 Cal.Rptr. 266]). Nothing in our reading of *Peters*

---

[1]Hearing granted October 22, 1980. On July 30, 1981, cause retransferred to Court of Appeal, Second District, Division Five, with directions. On August 6, 1981, pursuant to appellant's request appeal was dismissed.

[2]Hearing granted December 4, 1980. See 29 Cal.3d 480 for Supreme Court opinion.

abrogates these rights; *Peters* dealt only with Penal Code section 1385 and, in our view, should be narrowly read. Extending *Peters* to encompass discovery motions is unwarranted.

■ Similarly, *Peters* does not bar a magistrate's power to consider a recusal motion.

The judgments are reversed.

Puglia, P. J., and Evans, J., concurred.

The petition of plaintiff and respondent for a hearing by the Supreme Court was denied July 1, 1981.