[S.F. No. 24247. June 15, 1981.]

FRED DUNLAP HOLMAN et al., Petitioners, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Robert T. Hatcher and Duncan & Hatcher for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Charles R. B. Kirk, Deputy Attorneys General, for Real Party in Interest.

Dennis Kottmeier, District Attorney (San Bernardino), and Joseph A. Burns, Deputy District Attorney, as Amici Curiae on behalf of Real Party in Interest.

OPINION

RICHARDSON, J.—We consider the extent to which a defendant in a criminal proceeding is entitled to pretrial discovery prior to the preliminary examination. As will appear, we conclude that, within the discretion of the magistrate, a reasonable, limited discovery is permissible.

On May 6, 1980, a criminal complaint was filed against petitioners Fred and Cynthia Holman alleging a variety of offenses. (Health & Saf. Code, §§ 11350 [possession of a controlled substance], 11351 [possession for sale], 11352 [sale], 11377 [unauthorized possession], 11359 [possession for sale of marijuana]; Pen. Code, §§ 12025 [carrying concealed weapon], 12031 [carrying loaded firearm].) Petitioners were arraigned and a preliminary examination was scheduled for June 4, 1980.

On May 21, petitioners filed in the municipal court a motion for discovery, seeking disclosure or inspection of various materials or information in the possession of the People or its agents, including the names and addresses of all witnesses, experts and technicians, any statements made by defendants and witnesses, police and expert reports, and any physical evidence. The prosecutor successfully resisted the motion on the basis that the municipal court judge, in his role as magistrate, lacked jurisdiction to order any pretrial discovery. The prosecutor sug-

gested that, although defense counsel was "welcome to anything in my file just on an informal basis," nevertheless it would be unwise to "set up a precedent by dragging all of the discovery procedures from the trial court down into the preliminary hearing stage."

On June 10, 1980, petitioners sought mandate from superior court to compel the magistrate to grant their discovery motion. The writ was denied. Thereafter, petitioners sought further relief in the Court of Appeal, which granted a peremptory writ directing the superior court to vacate its prior order and to enter a new order compelling the municipal court to reconsider petitioners' motion. We granted a hearing to consider the important issue raised, and we stayed further proceedings in municipal court pending our final determination.

As a general proposition, we have said that "the right of an accused to seek discovery in the course of preparing his defense to a criminal prosecution is a judicially created doctrine evolving in the absence of guiding legislation. [Citations.] A defendant's motion to discover is addressed solely to the sound discretion of the trial court, which has the inherent power to order discovery when the interests of justice so demand. [Citations.]" (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535 [113 Cal.Rptr. 897, 522 P.2d 305].) We have also cautioned, however, that "The exercise of a judicial power over criminal discovery which inheres in courts when the Legislature is silent must be tempered and restrained when the Legislature has spoken.... [I]t would be inappropriate to exercise our inherent powers in conflict with existing legislation." (*People* v. *Municipal Court* (*Runyan*) (1978) 20 Cal.3d 523, 528 [143 Cal.Rptr. 609, 574 P.2d 425].)

Thus, in *Runyan* we declined to expand the availability of pretrial deposition procedures beyond the particular situations already specified by the Legislature. (See Pen. Code, § 1335 et seq.) In the present case, however, we find no comparable expression of legislative intent to limit the availability of discovery prior to the preliminary hearing. Penal Code section 859 provides, among other safeguards, that at defendant's first court appearance with counsel the prosecutor "shall" allow the defendant to inspect and copy all police, arrest and crime reports, to the extent not otherwise privileged. This provision, calling for limited *mandatory* disclosure of specified reports cannot be deemed to express an intent to withhold reasonable *discretionary* discovery prior to the preliminary hearing, if the interest of justice so requires. Significantly, the Legislature in adopting the foregoing limited disclosure

provision expressly stated in the enacting legislation that "It is the intent of the Legislature that nothing in this act shall be construed to limit or impair any rights of discovery in a criminal case." (Stats. 1975, ch. 799, § 3.)

Indeed, as the People acknowledge, several cases have assumed (without analysis of the jurisdictional point) that discovery would be available from the magistrate on a discretionary basis. (See *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 90 [104 Cal.Rptr. 226, 501 P.2d 234] [disclosure of informant/material witness at preliminary examination]; *Mitchell* v. *Superior Court* (1958) 50 Cal.2d 827, 829 [330 P.2d 48] [same]; *Priestly* v. *Superior Court* (1958) 50 Cal.2d 812, 819 [330 P.2d 39] [same]; *People* v. *Hertz* (1980) 103 Cal.App.3d 770, 776-777 [163 Cal.Rptr. 233] [discovery of reports and information supporting defense of discriminatory enforcement]; *Saulter* v. *Municipal Court* (1977) 75 Cal.App.3d 231, 248, fn. 4 [142 Cal.Rptr. 266] [discovery of information supporting self-defense theory based upon unnecessary aggression by police officers].)

*Theodor, Mitchell* and *Priestly* concerned the right of a defendant to learn an informant's name *during* the preliminary examination—a factual situation somewhat different than the present one. Yet the rationale of these cases seems pertinent here. We explained in *Priestly* that, "Since the purpose of the preliminary hearing ... is to determine whether there is competent evidence to commit the defendant for trial, disclosure [of an informant's identity] at that time is necessary to determine whether the evidence acquired by the search is competent." (50 Cal.2d 819.) As expressed in *Hertz*, "If we conclude a defendant has a right to present an affirmative defense at a preliminary hearing, which now seems clear [citations], in order for that right to be meaningful, it must include the opportunity to obtain discovery *prior to the hearing.* [Citations.]" (103 Cal.App.3d at p. 776, italics added.)

The People assert, however, that the magistrate lacks *jurisdiction* to issue discovery orders. They argue that only "courts" may order pretrial discovery, citing our recent statement that "a magistrate is not an inferior court, a superior court, or a competent court.... She or he is not a 'court' ...." (*People* v. *Peters* (1978) 21 Cal.3d 749, 753 [147 Cal.Rptr. 646, 581 P.2d 651].) The People's reliance upon *Peters* is misplaced, for that case involved the question whether a magistrate was a "court" within the meaning of former Penal Code section 1385, authorizing a court to dismiss an action "in the furtherance of justice."

*Peters* (the ruling of which was abrogated by a 1980 amendment to § 1385), did not purport to decide whether a magistrate has discretion to issue pretrial discovery orders to enable the accused reasonably to prepare for the preliminary examination. That case involved a question of statutory interpretation, namely, former Penal Code section 1385; in the present case, there exist no controlling statutes to interpret. (Accord, *People v. Justice Court (DeRoco)* (1981) 118 Cal.App.3d 78, 80-81 [173 Cal.Rptr. 851].)

As we indicated above, it is the general rule that in the absence of contrary legislation courts have the inherent power to order appropriate pretrial discovery. We believe a similar inherent power exists, and may be exercised, by magistrates ancillary to their statutory power to determine whether there is probable cause to hold the defendant to answer (Pen. Code, §§ 871, 872). The magistrate's statutory role is directed toward making a preliminary assessment of the truth or falsity of the charges filed against the defendant; pretrial discovery may well assist in such a determination.

The People assert a practical reason for denying to magistrates the power to order discovery prior to the preliminary hearing: "The inevitable protraction in what is supposed to be a 'preliminary' proceeding which inexorably flows from discovery ... is completely inconsistent with the intentional brevity envisioned in the preliminary hearing process." As the People emphasize, the preliminary examination is not a trial, and those discovery procedures which are available to prepare for trial may be neither applicable nor appropriate in the present context. We fully agree with the foregoing observation. We do not intend to suggest that magistrates routinely should grant discovery requests, or authorize time-consuming discovery procedures, in the absence of a showing that such discovery is reasonably necessary to prepare for the preliminary examination, and that discovery will not unduly delay or prolong that proceeding. Pretrial discovery is aimed at facilitating the swift administration of justice, not thwarting it. Similarly, appellate courts should seldom entertain pretrial applications for extraordinary writ review of pretrial discovery orders (see *Pacific Tel. & Tel. Co. v. Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854]), especially if such review would unduly delay the preliminary hearing.

Subject to the foregoing qualifications, however, we conclude that a reasonable, limited discovery directed to the restricted purpose of the

preliminary examination should be available, in the discretion of the magistrate, prior to that examination. (Accord, Salmon, *Criminal Discovery At and Before the Preliminary Examination* (1975) 15 Santa Clara Law. 665, 687-693.)

Let a peremptory writ of mandate issue directing the superior court to vacate its order of June 27, 1980, denying mandate, and to enter a new order compelling the municipal court to reconsider petitioners' motion for discovery in light of our opinion.

Tobriner, J., Mosk, J. Newman, J., and Grodin, J.,* concurred.

**BIRD, C. J.**—I concur in the conclusion reached by the majority. A defendant is entitled to discovery prior to a preliminary examination and a magistrate has the authority to order it.[1]

It should not be forgotten that a defendant's right to discovery is rooted in the Constitution. Due process requires a prosecutor to disclose all material evidence favorable to a defendant, including evidence related to guilt, punishment, and the credibility of witnesses. (*People v. Ruthford* (1975) 14 Cal.3d 399, 406 [121 Cal.Rptr. 261, 534 P.2d 1341].) This court has recognized that the scope of permissible discovery must be enlarged "to promote the orderly ascertainment of the truth." (*Jones v. Superior Court* (1962) 58 Cal.2d 56, 60 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213].)

The right to discovery at a preliminary hearing is also based on constitutional law. A defendant has the "constitutional and statutory" right to present an affirmative defense at the preliminary hearing and to cross-examine the prosecution's witnesses. (*Jennings v. Superior Court* (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304].) Discovery is necessary to effectuate these rights and to ensure that the magistrate's evaluation of probable cause to hold to answer is based on an accurate assessment of the evidence. "'The reasons that require disclosure at the trial also require disclosure at the preliminary hearing

---

*Assigned by the Chairperson of the Judicial Council

[1] The majority's difficulty in distinguishing *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], is but one more indication of the problems this court created when it decided that case and held that a magistrate is not a "court" under Penal Code section 1385. I would overrule *Peters* and hold that the cases authorizing "courts" to order discovery apply equally to magistrates.

. . . . The exercise of these rights . . . may enable the defendant to show that there is no reasonable cause to commit him for trial and thus to avoid the degradation and expense of a criminal trial.'" (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 90 [104 Cal.Rptr. 226, 501 P.2d 234], quoting *Mitchell* v. *Superior Court* (1958) 50 Cal.2d 827, 829 [330 P.2d 48], citations omitted; see Salmon, *Criminal Discovery At and Before the Preliminary Examination* (1975) 15 Santa Clara Law. 665, 687-693.)

Having recognized a right to discovery *at the preliminary hearing*, I would take the next step and recognize such a right *before the hearing*, just as courts have recognized that the right to a fair trial mandates *pretrial* discovery, not just discovery at trial. (Cf. *Cash* v. *Superior Court* (1959) 53 Cal.2d 72, 75 [346 P.2d 407].) Careful investigation of criminal charges and thorough preparation for trial require access to relevant information as early as possible. As the Court of Appeal said in *People* v. *Hertz* (1980) 103 Cal.App.3d 770, 776 [163 Cal.Rptr. 233], a case relied on by the majority, "If we conclude a defendant has a right to present an affirmative defense at a preliminary hearing, which now seems clear, in order for that right to be meaningful, it must include the opportunity to obtain discovery *prior to the hearing*." (Citations omitted, italics added.)

Although the majority purport to limit pre-preliminary hearing discovery to that "reasonably necessary to prepare for the preliminary examination," this language should not be read narrowly since the functions of the preliminary hearing in our criminal process are broad and complex. (*Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 587-589 [150 Cal.Rptr. 435, 586 P.2d 916]; see Graham & Letwin, *The Preliminary Hearing in Los Angeles: Some Field Findings and Legal-Policy Observations* (1971) 18 UCLA L.Rev. 916, 916-957.) The vast majority of criminal defendants plead guilty before trial. For most felony defendants, the preliminary hearing will be the *only* hearing they will have. Therefore, discovery prior to the preliminary hearing must be extensive enough to include the information needed to prepare for the myriad of functions served by the preliminary examination.

Broad discovery prior to the preliminary examination will lead to more efficient pretrial proceedings, enabling the judge, prosecutor, defendant and defense counsel to make more accurate assessments of the evidence and of proposed dispositions of the criminal charges. Discovery will also lead to fairer preliminary hearings. As this court said over 20

years ago, while discussing pretrial discovery, "nondisclosure partakes of the nature of a game" and "lose[s] sight of the purpose of a trial, ... the ascertainment of the truth." (*Cash* v. *Superior Court, supra*, 53 Cal.2d 72, 75.) The purpose of a preliminary examination is to ascertain the truth, and discovery prior to that hearing is essential to ensure the fairness of our criminal process.

Miller, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.