[No. A068918. First Dist., Div. Three. Aug. 22, 1995.]

CLINTON K., Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jay B. Gaskill, Public Defender, Kimberly Kupferer, Deputy Public Defender, and Adrienne A. Elenteny for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney Gneneral, Ann K. Jensen and Juliet B. Haley, Deputy Attorneys General, for Real Party in Interest.

---

OPINION

CHIN, P. J.—On June 5, 1990, by adoption of an initiative designated on the ballot as Proposition 115 and entitled the "Crime Victims Justice Reform Act," the voters of California authorized reciprocal discovery in criminal cases. The voters did not intend to apply the reciprocal discovery provisions to juvenile delinquency proceedings. (*Robert S.* v. *Superior Court* (1992) 9 Cal.App.4th 1417, 1422 [12 Cal.Rptr.2d 489] (*Robert S.*).) The juvenile court may, however, under its inherent power, grant such discovery as facilitates the administration of justice and promotes the orderly ascertainment of the truth. (*Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26] (*Joe Z.*).)

This petition raises questions not yet addressed by the appellate courts: whether and under what conditions does the court's inherent power permit it to order discovery by the prosecution prior to a fitness hearing under Welfare and Institutions Code section 707.[1] We conclude the court has discretion to order discovery prior to a section 707 hearing. Unlike adult criminal discovery under Penal Code section 1054 et seq., where the opposing party must show good cause to deny disclosure (Pen. Code, § 1054.7), the burden of justifying discovery in juvenile court is on the party seeking disclosure. Where, as here, the prosecutor's discovery request includes only items listed in Penal Code section 1054.3, no additional showing is required. The court here did not abuse its discretion in ordering disclosure. Therefore, we deny the petition for writ of mandate.

### Facts and Procedures

By petition filed in Alameda County Juvenile Court, Clinton K. was charged with murder, attempted murder, and assault with a deadly weapon, along with several enhancements. After he was detained on the petition, the People moved under section 707 for an order finding that he was not a fit subject for treatment under juvenile court law.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

The prosecution then moved for discovery in connection with the section 707 hearing, seeking five items (taken directly from Pen. Code, § 1054.3): "-the names and addresses of witnesses to be called at the . . . hearing; [¶] -relevant written or recorded statements of the witnesses; [¶] -reports of experts to be called at the . . . hearing; [¶] -results [of] physical and mental examinations to be used at the . . . hearing; [¶] -any real evidence to be offered at the . . . hearing."

Clinton K. opposed the motion, contending that discovery was available only in preparation for a trial, and only upon a showing of good cause. After hearing, the court ordered Clinton K. to provide the names and addresses of witnesses to be called at the section 707 hearing, reports of experts to be called and of physical and mental examinations to be used at the hearing, and any real evidence to be offered at the hearing. The court denied the request for written and recorded statements of witnesses, and authorized Clinton K.'s attorney to excise from the experts' reports statements protected by privilege or by the work product doctrine.

This petition followed. We issued a stay of the discovery order, but not of the section 707 hearing, which we assume has now taken place. We declined the Attorney General's invitation to deny the petition on procedural grounds, and we stated our intention to decide the important issues of law raised herein whether or not the matter became moot. After receiving opposition from the Attorney General, we issued an order to show cause and advised the parties we would deem the Attorney General's opposition to be the return to the order to show cause. We now decide the matter.

### Criminal Case Discovery

"Unlike the statutory development of civil discovery in California, the right of an accused to seek discovery in the course of preparing his defense to a criminal prosecution is a judicially created doctrine evolving in the absence of guiding legislation. [Citations.] ■ A defendant's motion to discover is addressed solely to the sound discretion of the trial court, which has inherent power to order discovery when the interests of justice so demand. [Citations.] Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citations.]" (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535-536 [113 Cal.Rptr. 897, 522 P.2d 305].)

Although criminal discovery was first envisioned as a two-way street (*Jones* v. *Superior Court* (1962) 58 Cal.2d 56, 60 [22 Cal.Rptr. 879, 372 P.2d

919]), ". . . the road to prosecutorial discovery was effectively closed in *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320 . . . ." (*Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 370 [285 Cal.Rptr. 231, 815 P.2d 304] (*Izazaga*).) The road was then reopened by adoption of Proposition 115, which the California Supreme Court upheld in *Izazaga* in the face of claims of violation of the United States and California Constitutions. (*Izazaga, supra*, 54 Cal.3d at pp. 364-379.) Proposition 115 added a Penal Code chapter on discovery, including Penal Code section 1054.3, the provisions of which were paraphrased by the prosecution's discovery request here. Under Penal Code section 1054.7, this discovery must be provided absent a showing of good cause why it should be denied.

### Juvenile Case Discovery

In *Joe Z., supra*, 3 Cal.3d at page 801, the Supreme Court held that civil discovery statutes did not apply to juvenile delinquency proceedings. Addressing a defense request for statements and admissions of the minor and his "codefendants," *Joe Z.* held that ". . . juvenile courts should have the same degree of discretion as a court in an ordinary criminal case to permit, upon a proper showing, discovery between the parties. Authority for such discovery derives not from statute but from the inherent power of every court to develop rules of procedure aimed at facilitating the administration of criminal justice and promoting the orderly ascertainment of the truth. [Citations.]" (*Id.* at pp. 801-802.)

■ Since the decision in *Joe Z.*, "discovery practice in delinquency proceedings generally has been derived from, and parallels, that in adult criminal cases. (*Robert S.* v. *Superior Court, supra*, 9 Cal.App.4th at p. 1422.)" (*City of San Jose* v. *Superior Court* (1993) 5 Cal.4th 47, 54 [19 Cal.Rptr.2d 73, 850 P.2d 621].)

In *Robert S.*, Division One of this court held that prosecutorial discovery was proper in a juvenile delinquency proceeding. *Robert S.* held that Proposition 115 did not apply to juvenile proceedings. (*Robert S., supra*, 9 Cal.App.4th at pp. 1420-1422.) Nevertheless, *Robert S.* concluded that the juvenile court had discretionary authority to order the same kind of discovery permitted by Penal Code section 1054 et seq. (*Robert S., supra*, 9 Cal.App.4th at p. 1422.)

*Robert S.* first considered a claim by the minor and by amicus curiae that the state self-incrimination privilege barred prosecutorial discovery. *Robert S.* found no reported application of the state privilege to prohibit court-ordered prosecutorial discovery in delinquency proceedings. (*Robert S.*,

*supra*, 9 Cal.App.4th at pp. 1423-1424.) With no constitutional impediment, *Robert S.* was free to follow *Joe Z.*'s determination "that discovery in delinquency proceedings should parallel that in criminal cases" (*Robert S., supra*, 9 Cal.App.4th at p. 1424) and to suggest that juvenile adjudications "may often be facilitated by an order paralleling the provisions of Penal Code section 1054 et seq." (*Robert S., supra*, 9 Cal.App.4th at p. 1425).

### Section 707 Hearing Discovery

■ Section 707 has no parallel in adult criminal procedure. Its closest relative is the preliminary examination. Although the issues at a preliminary examination are different, it is another hurdle to be cleared before trial in adult criminal court at the superior court level. We conclude the same reasoning that authorized pre-preliminary examination discovery applies to pre-section 707 hearing discovery.

In *Holman v. Superior Court* (1981) 29 Cal.3d 480, 485 [174 Cal.Rptr. 506, 629 P.2d 14] (*Holman*), the Supreme Court held that, absent contrary legislation, a magistrate had inherent power to permit pre-preliminary examination discovery. The *Holman* court cautioned: "We do not intend to suggest that magistrates routinely should grant discovery requests, or authorize time-consuming discovery procedures, in the absence of a showing that such discovery is reasonably necessary to prepare for the preliminary examination, and that discovery will not unduly delay or prolong that proceeding. Pretrial discovery is aimed at facilitating the swift administration of justice, not thwarting it." (*Id.* at p. 485.)

Similar caution is warranted here. Although a juvenile court has inherent power to authorize pre-section 707 hearing discovery, it should not exercise this authority unless discovery appears reasonably necessary and will not unduly delay or prolong the proceeding. As in *Holman*, the burden of showing reasonable necessity is on the party seeking disclosure.

### Showing of Reasonable Necessity

Clinton K. contends the court erred in ordering disclosure where the prosecution merely borrowed the goals of Penal Code section 1054 et seq., and failed to make a particularized showing of the justification for discovery.

The People's discovery request cited *Robert S.* and *Joe Z.*, but stated no specific grounds for discovery of the five listed items taken from Penal Code section 1054.3. At the hearing, the prosecutor explained that the purposes of the discovery were those stated in Penal Code section 1054, subdivisions (a)

and (c)—to promote ascertainment of the truth and to save court time—but he made no additional showing.

Clinton K. notes that these are the broad purposes of Penal Code section 1054 et seq., not justifications for the particular disclosure sought in this case. He asserts that the probation officer's report is the only evidence mandated for the section 707 hearing, and that it is available to both sides. He concludes, then, that the goals of reciprocal discovery are not pertinent to a section 707 hearing.

The goals the prosecutor cited—ascertainment of the truth and saving court time—are pertinent to section 707. Moreover, the electorate has determined that disclosure of the items listed in Penal Code section 1054.3 usually furthers those goals. We conclude, therefore, that a court may order disclosure of items listed in Penal Code section 1054.3 (or Penal Code section 1054.1, if sought by the minor) without any additional showing of necessity.

This does not mean that Penal Code section 1054 et seq. applies to juvenile matters, that the court *must* order disclosure, or even that the party resisting disclosure has the burden of proof on the issue. It means only that the party seeking disclosure need not reinvent the wheel each time it requests the items listed in Penal Code sections 1054.1 and 1054.3. If the court, having some sense of the case and of the issues involved in the section 707 hearing, concludes these items or some of them should be disclosed before a particular section 707 hearing, it may so order.[2]

The court here acted within its discretion in ordering disclosure of items the prosecution sought.

The petition for writ of mandate is denied.

Merrill, J., and Corrigan, J., concurred.

A petition for a rehearing was denied September 15, 1995, and petitioner's application for review by the Supreme court was denied November 30, 1995.

---

[2]As the Supreme Court explained in *Holman, supra,* 29 Cal.3d at page 485, appellate courts should seldom entertain pretrial applications for extraordinary writ review from court orders granting or denying this kind of discovery.