OPINION
Petitioner Moises Galindo seeks a writ of mandate compelling respondent Los Angeles Superior Court to orderPitchess discovery from real parties in interest, the City' of Los Angeles and the Los Angeles Police Department. (See Pitchess v. Superior Court (1974) 11 Cal.3d 531
[113 Cal.Rptr. 897, 522 P.2d 305]; Evid. Code, § 1043 et seq.) Petitioner intends to use the discovery during his preliminary hearing on a charge of resisting an executive officer and making criminal threats. (Pen. Code, §§ 69,422.) Because we conclude a defendant may not seekPitchess discovery for use in a preliminary hearing, we deny the writ.
 FACTS AND PROCEEDINGS
According to an arrest report filed by Los Angeles Police Officers S. Flores and J. Smith, the officers were on foot patrol in the early evening of February *Page 1334 
29, 2008, when they saw petitioner Moises Galindo drinking from a can of beer while in public. When petitioner noticed the officers, he walked away from them, holding his front waistband as if he were trying to conceal a handgun. The officers ordered him to stop, but he fled into a nearby apartment. The officers surrounded the apartment and requested that their supervising sergeant come to the scene. As the officers waited for their sergeant, residents of nearby apartments began yelling at the officers while filming them and taking their pictures with flash photography. When the residents refused to disperse, the officers arrested several of them, including petitioner's brother. In the meantime according to the arrest report, Sergeant Vargas received permission from the resident of the apartment into which appellant had fled for officers to enter the apartment. Shortly thereafter, the officers arrested petitioner without further resistance. While police escorted petitioner to their patrol car, he told them he was "from Hazard" and would have them killed.
The People filed an amended felony complaint against petitioner. It alleged petitioner had by means of threat or violence resisted Executive Officer Flores in the performance of his duties. (Pen. Code, § 69.) It also alleged he had made criminal threats against him. (Pen. Code, § 422.) Petitioner pleaded not guilty.
Before the preliminary hearing, petitioner filed aPitchess motion under Evidence Code section 1043 et seq. seeking discovery of the personnel files of Sergeant Vargas and officers Smith and Flores. (See Pitchess v.Superior Court, supra, 11 Cal.3d 531.) In support of the motion, petitioner denied having a can of beer when the officers saw him. He claimed no interaction occurred between him and the officers, who were engaged with neighborhood residents when he entered his parents' apartment. The officers did not order him to stop, and they did not ask for permission to enter his parents' apartment to arrest him. He further claimed that his brother, who was one of the bystanders the police arrested, was in the backseat of the patrol car when officers placed petitioner there. During the drive to the police station for booking, Officer Flores sat in the backseat with petitioner and his brother and, petitioner alleged, physically assaulted them while en route.
Through his Pitchess motion, petitioner sought evidence of misconduct from the personnel files of the officers who arrested him. The motion requested discovery of evidence, if any, of accusations against the officers alleging aggressive behavior, violence, excessive force, fabrication of charges, illegal search and seizure, false arrest, perjury, and false police reports. Petitioner reasoned such discovery might help his defense counsel cross-examine and impeach the testimony of the officers in the then upcoming preliminary hearing. The magistrate presiding over the preliminary hearing denied the motion without prejudice. *Page 1335 
Petitioner filed a petition for writ of mandate in the superior court directing the magistrate to grant petitioner'sPitchess motion. The superior court denied the petition. It reasoned that the criminal discovery law (Pen. Code, § 1054), which governs criminal discovery, did not permit discovery at a preliminary hearing. Petitioner then filed a petition before this court for a writ of mandate. Arguing that the preliminary hearing was a critical stage in the proceedings against him, he asserted his right to effective assistance of counsel rested on counsel's adequate investigation and preparation, which entitled him toPitchess discovery. We stayed the preliminary hearing. In addition, we directed the district attorney and the real party in interest, City of Los Angeles, to file letter briefs answering the question "Does a criminal defendant have a right to obtain Pitchess discovery before the preliminary hearing?" After reviewing the petition and the district attorney's and city's responses, we summarily denied the petition.
Petitioner filed a petition for review in the California Supreme Court. He argued his right to effective assistance of counsel rested on counsel's adequate preparation, entitling him to Pitchess discovery. He further argued the superior court erred in relying on Penal Code section 1054 to deny hisPitchess motion. That statute exclusively governs discovery between the parties, which are the defendant and the prosecutor representing the People of California. (Pen. Code, § 1054, subd. (e).) Penal Code section 1054 expressly states, however, that it applies to criminal discovery only in the absence of "other express statutory provisions." (Ibid.; People v. Superior Court (Barrett) (2000)80 Cal.App.4th 1305, 1315 [96 Cal.Rptr.2d 264].) Evidence Code section 1043, which governs third party Pitchess
discovery from law enforcement agencies not parties to the criminal prosecution, is one such provision. (Alford v.Superior Court (2003) 29 Cal.4th 1033, 1045-1046
[130 Cal.Rptr.2d 672, 63 P.3d 228]; Albritton v. SuperiorCourt (1990) 225 Cal.App.3d 961, 963 [275 Cal.Rptr. 314]; 5 Witkin Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 32, p. 77.)
The Supreme Court granted his petition for review. Transferring the case back to us, the Supreme Court directed us to vacate our order denying petitioner's petition for writ of mandate, and told us to order respondent Los Angeles Superior Court to show cause why the superior court should not grant petitioner the relief he sought. We complied with the Supreme Court's directions and ordered the superior court to show cause why it should not grant petitioner's motion for Pitchess
discovery. Before oral argument on the order to show cause, real party in interest City of Los Angeles filed a return to the petition, and petitioner filed a reply. The parties then appeared before us for oral argument. *Page 1336 
 DISCUSSION
In 1974, the California Supreme Court ruled in Pitchess v.Superior Court, supra, 11 Cal.3d 531 that a criminal defendant may discover evidence of citizen complaints alleging misconduct by law enforcement officers if that misconduct assists in the defense. In 1978, the California Legislature codified procedures governing Pitchess discovery at Evidence Code sections 1043 to 1045. (See also Pen. Code, §§ 832.7, 832.8 [defining officer's personnel records subject toPitchess discovery].) We review denial of aPitchess discovery for abuse of discretion. (People v. Lewis and Oliver (2006) 39 Cal.4th 970, 992
[47 Cal.Rptr.3d 467, 140 P.3d 775]; Pitchess v. SuperiorCourt, supra, at p. 536.) Because we conclude a defendant is not entitled to seek Pitchess discovery for use in a preliminary hearing, the preliminary hearing magistrate did not abuse his discretion in denying petitioner'sPitchess motion.
Evidence Code section 1043 et seq. does not expressly state whether Pitchess discovery may take place for a preliminary hearing. The statute does not mention preliminary hearings, nor does it identify particular courts or types of proceedings to which the right to Pitchess discovery is limited. Instead, the statute directs that a defendant's written motion must identify "the proceeding in which discovery or disclosure is sought" (Evid. Code, § 1043, subd. (b)(1)) and the defendant must file the motion with "the appropriate court or administrative body" (Evid. Code, § 1043, subd. (a)). In the absence of any express statutory authority entitling a defendant to Pitchess discovery for a preliminary hearing, we conclude the sounder approach is to find no such right exists. (Pitchess v. Superior Court,supra, 11 Cal.3d at p. 536 ["the right of an accused to seek discovery in the course of preparing his defense to a criminal prosecution is a judicially created doctrine evolving in the absence of guiding legislation."].)
First, a preliminary hearing is supposed to be relatively quick.[1] A preliminary hearing does not aspire to match a trial's probing and more stately search for the truth. APitchess motion, which unfolds in several steps, including a hearing on the motion, review by the law enforcement agency's custodian of records of the officer's personnel file, and an in camera *Page 1337 
inspection by the court, potentially interrupts a preliminary hearing's stream-lined proceedings.[2] Moreover, the extra time spent may be for naught because the officer's personnel file might not hold any information relevant to the accused's defense.[3]
Second, preliminary hearings are not designed for pursuing discovery or as forums for discovery motions. Penal Code section 866 circumscribes a defendant's right to call witnesses during a preliminary hearing. The statute limits the scope of the witness's testimony to helping (1) establish an affirmative defense, (2) negate an element of the charged offense, or (3) impeach a prosecution witness or hearsay declarant. (Pen. Code, § 866, subd. (a).) The defendant may not examine witnesses or use the hearing to conduct discovery. Subdivision (b) expressly states: "It is the purpose of a preliminary examination to establish whether there exists probable cause to believe that the defendant has committed a felony. The examination shall not be used for purposes of discovery." (Pen. Code, § 866, subd. (b).) As petitioner correctly points out, the statutory prohibition of a preliminary hearing as a discovery device does not speak to discovery prior to the actual preliminary hearing. Nevertheless, allowing prepreliminary hearing discovery tends to work at cross-purposes with the limited nature of preliminary hearings. As the Supreme Court explained: "[T]he preliminary hearing . . . serves a limited function. No longer to be used by defendants for discovery purposes and trial preparation, it serves merely to determine whether probable cause exists to believe that the defendant has committed a felony and should be held for trial." (Correa v. Superior Court (2002) 27 Cal.4th 444, 452
[117 Cal.Rptr.2d 27, 40 P.3d 739].)
Petitioner notes that a preliminary hearing is a "critical stage" in the criminal proceedings against him at which he has a constitutional right to counsel. (People v. Cudjo
(1993) 6 Cal.4th 585, 615 [25 Cal.Rptr.2d 390, 863 P.2d 635].) Defense counsel's effectiveness depends, in part, on adequate investigation and preparation, and proper discovery is one part of adequately *Page 1338 
investigating and preparing a defense. (People v.Lyon (1996) 49 Cal.App.4th 1521, 1526
[57 Cal.Rptr.2d 415].) Thus, petitioner contends, his right to effective assistance of counsel at the preliminary hearing entitled him to Pitchess discovery. We agree with a preliminary hearing's importance and a defendant's right to effective counsel at that hearing. (People v. Superior Court(Mendella) (1983) 33 Cal.3d 754, 759 [191 Cal.Rptr. 1,661 P.2d 1081] [preliminary hearing "operate[s] as a judicial check" safeguarding a defendant's rights].) Nevertheless, we reject petitioner's contention that Pitchess discovery is a precondition for effective assistance of counsel at the hearing.
A preliminary hearing is not a trial; it is an abbreviated hearing. (People v. Slaughter (1984) 35 Cal.3d 629,637-638 [200 Cal.Rptr. 448, 677 P.2d 854].) A preliminary hearing's purpose is to determine if probable cause exists to make a defendant stand trial. (People v. Wallace
(2004) 33 Cal.4th 738, 749 [16 Cal.Rptr.3d 96, 93 P.3d 1037];Cooley v. Superior Court (2002) 29 Cal.4th 228," 251 [127 Cal.Rptr.2d 177, 57 P.3d 654].) Its narrow scope and purpose limit the rights that attach to the defense. For example, despite the defendant's right to confront witnesses against him at trial, the prosecution may rely entirely in a preliminary hearing on the hearsay evidence of certain law enforcement officers, who may recount the out-of-court statements of victims, suspects, and witnesses. (Pen. Code, § 872, subd. (b).) In addition, despite the right to trial by a jury in the eventual determination of a defendant's actual guilt, the magistrate presiding over the preliminary hearing may weigh the evidence in assessing whether probable cause exists and may do so even though the weighing is "gross and unrefined." (Cooley v. Superior Court, supra, at p. 257; see People v. Slaughter, supra, at pp. 637-638.)[4] Our Supreme Court explained in Cooley v.Superior Court: "This court has stated in the felony preliminary hearing context that `"`[p]robable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused.'" [Citations.]' [Citations.] In making the determination of probable cause, the magistrates do not themselves decide whether the defendant is guilty. [Citations.] Rather, they simply decide whether a reasonable person could harbor a strong suspicion of the defendant's guilt. In doing so, they may `weigh the evidence, resolve conflicts, and give or withhold credence to particular witnesses.' [Citation.] But the proceeding is not a trial: if the magistrate forms *Page 1339 
a personal opinion regarding the defendant's guilt, it is of no legal significance. [Citation.]" (Cooley, at pp. 251-252.)
Petitioner argues that Pitchess discovery is necessary to ensure effective representation at the preliminary hearing. We agree that the test for ineffective assistance of counsel is the same for a trial or preliminary hearing — whether competent representation would have resulted in a better outcome for the defendant. (See People v. Cudjo,supra, 6 Cal.4th at p. 615.) Although the test is the same, it plays out differently because of a preliminary hearing's limited scope. The difference between a favorable and unfavorable outcome at a preliminary hearing depends on whether defense counsel can obtain factual findings precluding the People from pursuing a particular charge. But the tools available to defense counsel for winning a dismissal of some, or all, of the alleged charges are' limited. For example, a defendant may call witnesses on his behalf, but the law restricts their testimony to establishing an affirmative defense, negating an element of the offense, or impeaching a prosecution witness or hearsay declarant, but no more. (Pen. Code, § 866, subd. (a).)
Evidence Code section 1043 limits Pitchess discovery to evidence that is material "to the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3).) Here, petitioner seeks evidence from the personnel files of the officers who arrested him hoping to show they had engaged in misconduct involving other members of the public. But such evidence is unlikely to rebut probable cause, which is a preliminary hearing's touchstone, because past misconduct might suggest a reason to doubt an officer's truthfulness, but is not, strictly speaking, exculpatory by tending to show the defendant's actual innocence. A witness might be untruthful in one setting and truthful in another. Pitchess material petitioner seeks is unlikely to justify a magistrate's dismissal of a charge for lack of probable cause. And because the Pitchess material is unlikely to lead to a different outcome for the preliminary hearing, counsel's not receiving the material does not mean counsel is inadequately prepared for the preliminary hearing. Hence, counsel's assistance is effective (at least in regard toPitchess-related matters).
Petitioner contends that denying Pitchess discovery before the preliminary hearing frustrates the "primary purpose" of the hearing, which is "to weed out groundless charges." He asserts that cross-examining the officers who arrested him by impeaching them with past misconduct would have been especially helpful in refuting the charges against him. In support, he cites decisions that rejected limitations on cross-examination in a preliminary hearing. But the decisions he cites involved narrower cross-examination than what he urges here because they involved cross-examination of evidence bearing directly on the criminal charges. For example, in People v. Erwin
(1993) 20 Cal.App.4th 1542 [25 Cal.Rptr.2d 348], the People offered a *Page 1340 
hearsay declarant's evidence through the testimony of an investigating officer. The appellate court held the magistrate had the discretion during the preliminary hearing to permit the defense to call the declarant to the stand to permit the defendant to examine the declarant. Petitioner also citesStanton v. Superior Court (1987) 193 Cal.App.3d 265
[239 Cal.Rptr. 328], where the People had relied at the preliminary hearing on narrowly selected portions of eyewitness statements to the police. The appellate court held the trial court erred by denying the defendant access to the complete eyewitness statements to use in cross-examining the witnesses.
This division's decision in Brant v. Superior Court
(2003) 108 Cal.App.4th 100 [132 Cal.Rptr.2d 783] does not undercut our decision today that a defendant may not pursuePitchess discovery for a preliminary hearing. InBrant, this division permitted Pitchess
discovery in support of a pretrial motion to suppress evidence. Drawing from Brant, petitioner notes a defendant may file a motion to suppress at a preliminary hearing. It follows therefore, petitioner reasons, that Pitchess discovery should likewise be allowed for a preliminary hearing, too. We do not, however, read Brant that way. Brant
did not discuss whether the motion to suppress was heard during the preliminary hearing, or followed that hearing. A case is not authority for a proposition it does not address. (People v. Harris (1989) 47 Cal.3d 1047, 1071
[255 Cal.Rptr. 352, 767 P.2d 619], disapproved on other grounds byPeople v. Wheeler (1992) 4 Cal.4th 284, 299, fn. 10 [14 Cal.Rptr.2d 418, 841 P.2d 938], and People v. Hill
(1998) 17 Cal.4th 800, 833 [72 Cal.Rptr.2d 656, 952 P.2d 673];Ginns v. Savage (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].) For reasons we have discussed involving the unsoundness of allowing Pitchess
discovery during a preliminary hearing, we decline to rely onBrant as standing for any such proposition.
Holman v. Superior Court (1981) 29 Cal.3d 480
[174 Cal.Rptr. 506, 629 P.2d 14] is not inconsistent with our rejection of any right to Pitchess discovery for a preliminary hearing. Holman found preliminary hearing magistrates have the inherent power to permit discovery before a preliminary hearing. (Holman, at p. 485.) The discovery Holman permitted was "limited," however, and "directed to the restricted purpose of the preliminary examination." (Holman, at pp. 485-86.) Indeed,Holman noted the need to balance a defendant's interest in discovery against a preliminary hearing's stated aspiration of brevity. As Holman noted, "[T]he preliminary examination is not a trial, and those discovery procedures which are available to prepare for trial may be neither applicable nor appropriate in the present context. . . . We do not intend to suggest that magistrates routinely should grant discovery requests, or authorize time-consuming discovery procedures, in the absence of a showing that such discovery is reasonably necessary to prepare for the preliminary examination, and that discovery will not unduly delay or prolong that proceeding." (Holman, at p. 485.) *Page 1341 
Our Supreme Court's decision in People v. Samayoa
(1997) 15 Cal.4th 795 [64 Cal.Rptr.2d 400, 938 P.2d 2], does not compel a different result, again for the reason a decision is not authority for a proposition it does not address. (People v. Harris, supra, 47 Cal.3d 1047, Ginns v.Savage, supra, 61 Cal.2d 520.) In Samayoa, the preliminary hearing magistrate granted a defendant'sPitchess motion and conducted an in camera review of a law enforcement officer's personnel file. (People v.Samayoa, supra, at p. 825.) Following the in camera review, the magistrate ordered the release of a redacted copy of a specific misconduct complaint against the officer but denied disclosure of the rest of the file's contents. Before trial, the defendant sought superior court review of the magistrates' ruling, but the superior court upheld the magistrate's order. (Id. at p. 826.) On review, the Supreme Court upheld the lower courts' selection of material to release. (Id. at p. 827.) In reciting the proceedings in the lower courts, the Supreme Court did not comment on the propriety of Pitchess discovery at a preliminary hearing. Not having discussed the legal point, Samayoa
is not authority that a defendant is entitled to such discovery. (But see People v. Mooc (2001)26 Cal.4th 1216, 1229-1230 [114 Cal.Rptr.2d 482, 36 P.3d 21] [citesPeople v. Samayoa approvingly with an explanatory parenthetical stating a "magistrate" had orderedPitchess discovery in Samayoa].)
Finally, Saulter v. Municipal Court (1977)75 Cal.App.3d 231 [142 Cal.Rptr. 266] (Saulter) does not contradict the rule we establish today. Saulter was decided in 1977 before the codification of Pitchess
discovery at Evidence Code 1043 et seq. in 1978. (Stats. 1978, ch. 630, § 1, p. 2082.) In Saulter, the preliminary hearing magistrate denied a defendant's motion for discovery of an officer's personnel records involving prior misconduct. (Saulter, at p. 234.) The magistrate suggested the defendant ought to seek the records through a subpoena duces tecum. On review, the appellate court held the magistrate erred by imposing on the defendant the burden of subpoenaing the records because the defendant had made a sufficient showing under the Pitchess decision for discovery of the records without further ado. (Saulter, at pp. 236-237.) Saulter is of questionable validity, however, after passage of Proposition 115, which enacted the criminal discovery law at Penal Code section 1054. A more recent decision than Saulter
explains that "cases such as Saulter v. MunicipalCourt . . . arose at a time when it was an accepted view that the preliminary hearing, in addition to determining whether there was probable cause, was a vehicle for defense discovery. [Citation.] This view is obsolete. Proposition 115 amended section 866 to provide that preliminary hearings `shall not be used for purposes of discovery' (§ 866, subd. (b)) and to institute procedural limitations to thwart defendants from using preliminary hearings as discovery vehicles." (People v. Superior Court (Barrett), supra,80 Cal.App.4th at p. 1320.) Given the development of statutory and case law since Saulter, we consider its current validity questionable. *Page 1342 
 DISPOSITION
The petition for writ of mandate directing the superior court to grant petitioner Moises Galindo's motion forPitchess material is denied.
Cooper, P. J., and Flier, J., concurred.
[1] A preliminary hearing is under severe time constraints inapplicable to trial. (Pen. Code, § 859b
[right to hearing within 10 days of arraignment; complaint dismissed if no hearing within 60 days].)
[2] Pitchess motions are governed by the notice requirements of Code of Civil Procedure section 1005
(21 days notice if served by mail in California). (See Evid. Code, § 1043, subd. (a).) Although a defendant in a criminal case may waive the statutory 10 day time for preliminary hearing, the interplay among the statutes regulating the calling of witnesses and discovery (Pen. Code),Pitchess (Evid. Code) and notice (Code Civ. Proc.) suggest the Legislature did not intend to create a statutory right to Pitchess discovery before the preliminary hearing.
[3] Additional time may be required if thePitchess discovery reveals potential witnesses to past claims of misconduct. Those witnesses need to be located and, where available, subpoenaed. (See, e.g., Warrick v.Superior Court (2005) 35 Cal.4th 1011, 1019
[29 Cal.Rptr.3d 2, 112 P.3d 2] ["Typically, the trial court discloses only the names, addresses, and telephone numbers of individuals who have witnessed, or have previously filed complaints about, similar misconduct by the officer."]; see also People v. Prince (2007) 40 Cal.4th 1179, 1285
[57 Cal.Rptr.3d 543, 156 P.3d 1015] [citingWarrick].)
[4] People v. Slaughter, supra,35 Cal.3d at pages 637 ("[T]he burden on the prosecution before the magistrate is quite distinct from that necessary to obtain a conviction before a judge or jury. `. . . [A] magistrate conducting a preliminary examination must be convinced of only such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. [Citations.] In other words, "Evidence that will justify a prosecution need not be sufficient to support a conviction. . . . An informationwill not be set aside or a prosecution thereon prohibited ifthere is some rational ground for assuming the possibility thatan offense has been committed and the accused is guiltyof it. [Citations.]"' [Citations.]" (Original italics.)). *Page 1343