[No. B015495. Second Dist., Div. Five. Oct. 4, 1985.]

MIGUEL HERRERA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Parties in Interest.

Counsel

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Anne Degen and Albert J. Menaster, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

James K. Hahn, City Attorney, Greg Wolff, Susan S. Dwyer and Janet G. Bogigian, Deputy City Attorneys, for Real Parties in Interest.

Opinion

**ASHBY, J.**—In this original proceeding, we address the procedure to be followed when the court conducts an *in camera* review of police personnel records pursuant to a motion for discovery (Evid. Code, §§ 915, 1043, 1045; *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]), and the moving party seeks appellate review of the court's ruling on that motion.[1]

Facts

Petitioner is awaiting trial on charges of driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)), driving with a blood alcohol level above .10 percent (Veh. Code, § 23152, subd. (b)), battery on a police officer (Pen. Code, § 243, subd. (b)), and resisting a peace officer (Pen. Code, § 148). As to the latter two counts, petitioner claims that the officers used excessive force and his actions constituted self-defense.

During pretrial discovery, petitioner made a motion for production of the personnel files of the three Los Angeles Police Department officers involved in his arrest. Accompanying the motion was an affidavit of petitioner's counsel that evidence of prior complaints against the officers of use of excessive force would be relevant to support petitioner's claim of self-defense, since the records might show that the officers had a propensity toward "aggression and violence." The People did not oppose the request.

---

[1] A *Pitchess* motion, as it is commonly called, is a motion to discover a law enforcement officer's personnel file or other type of police agency record, which may contain information concerning the officer's alleged prior use of excessive force, his propensity for ethnic or racial bias, or evidence of alleged discriminatory enforcement of the law.

The People produced the personnel files of the three officers involved and the municipal court conducted *in camera* reviews of the files over a period of several days. The court ordered that the defense receive copies of three complaints, one for each officer involved. These included the names and addresses of witnesses for each complaint. Defense counsel then asked the court if there were any complaints which were not ordered disclosed, and if so, the reasons why disclosure was withheld. The People objected that such disclosure would violate the officers' right to confidentiality and that the *in camera* proceedings had been sealed for review on appeal. The court thereafter denied the defense request for further information.

In his petition to this court petitioner alleges that he requested preparation of reporter's transcripts for two dates on which hearings were held and for all dates of the *in camera* proceedings.[2] According to petitioner, "on several days the court refused to call the case to permit counsel to have a ruling on this motion on the record, and told counsel through his clerk that the court would not grant the motion for transcripts." The defense was therefore unable to obtain either the transcripts or minute orders reflecting the court's denial of the request for transcripts.

On June 6, 1985, petitioner filed a petition for writ of mandate in the superior court, challenging the municipal court's refusal to tell the defense what material, if any, had not been ordered disclosed. The petition was denied by the appellate department of the superior court for failure to provide an adequate record.

We hold that the municipal court did not err in refusing to provide the additional information requested by the defense, and that the appellate department of the superior court properly denied the petition for writ of mandate for failure to provide an adequate record.

## DISCUSSION

*In camera* proceedings provide an effective means for balancing two competing considerations: the right of law enforcement officers to protect the confidentiality of their personnel files (Pen. Code, § 832.7) and the right of a party seeking discovery of material which might be contained in those files to receive the information to which it is entitled. In order to serve both of these competing interests, the Legislature has devised an elaborate method for conducting discovery in such cases.

Where a party seeks discovery of citizen complaints against certain officers (Pen. Code, § 832.5), the request must be made by noticed motion and

---

[2]We find nothing in the record to support this claim.

accompanied by an affidavit setting forth the materiality of the information sought and stating upon reasonable belief that the agency identified has possession of the information. (Evid. Code, § 1043.) If the court determines that the request is appropriate, it may require the person from whom disclosure is sought "to disclose the information in chambers out of the presence and hearing of all persons except the person authorized to claim the privilege and such other persons as the person authorized to claim the privilege is willing to have present." (Evid. Code, § 915.)

Evidence Code section 1045 provides that the court shall exclude from disclosure (1) complaints more than five years old, (2) the conclusions of any officer investigating a citizen complaint, and (3) "facts sought to be disclosed which are so remote as to make disclosure of little or no practical benefit."

A review of this elaborate statutory scheme makes evident the great care taken by the Legislature to protect both the officers' privacy and the right of the moving party to discovery. ■ The moving party is entitled to disclosure of only that information which the court, after conducting its *in camera* review, determines is relevant to the case. ■ In this case, the only relevant information was that which related to the three officers' alleged propensity to use excessive force. Disclosure of even this limited information is subject to the restrictions of Evidence Code section 1045. The remaining contents of the officers' files are irrelevant, privileged, and protected from disclosure by Evidence Code section 915, which provides that "[i]f the judge determines that the information is privileged, *neither he nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers.*" (Italics added.) This includes the number of items in the file as well as the substantive content of those items. ■ The moving party is not entitled to conduct a posthearing "fishing expedition" to ascertain the "general nature" of material which the court protected from disclosure. ■ Although the moving party is entitled to appellate review of the *in camera* proceedings (*People v. Hertz* (1980) 103 Cal.App.3d 770 [163 Cal.Rptr. 233]), this right does not include what petitioner has asked for here: disclosure of the "general nature of the complaints or records not provided to the defense." The inquiry must end at some point, and the Legislature has provided that it ends when the court makes its determination as to which items should be disclosed. Petitioner's right to appellate review is limited to a determination as to whether the lower court's ruling is correct. The information sought by petitioner is not necessary for such review. The reviewing court may make its determination by reviewing a transcript of the *in camera* proceedings.

■ A prerequisite to appellate review, however, is a proper record. (*Lemelle* v. *Superior Court* (1979) 77 Cal.App.3d 148 [143 Cal.Rptr. 450].) "A proper record should include a copy of all declarations filed in the lower court. It should in most instances also include a transcript of any hearing. In the absence of a transcript the reviewing court will have no way of knowing in many cases what grounds were advanced, what arguments were made and what facts may have been admitted, mutually assumed or judicially noticed at the hearing. In such a case, no abuse of discretion can be found except on the basis of speculation." (*Lemelle, supra,* at pp. 156-157.)

■ Petitioner contends that the superior court, rather than denying his petition for writ of mandate because of an inadequate record, should have reviewed the petition on the record provided (including the sealed files) or, if necessary, ordered the municipal court to have the necessary transcripts prepared. Petitioner claims that his attempts to provide a record were thwarted by the municipal court. The record before us, however, does not support petitioner's claim. We find no indication of any motion upon which the municipal court could make a ruling. We must assume that his "motion" consisted of a series of informal requests which the court properly refused to acknowledge. It was incumbent upon petitioner to file a proper written motion, supported by a declaration under penalty of perjury, setting forth the need for the transcripts. The motion then could have been heard, and if denied, petitioner could have provided the superior court with a copy of the written motion and a minute order reflecting the court's ruling. Petitioner then could have sought alternative forms of relief from the superior court: a request that the municipal court be directed to order the preparation of the necessary transcripts, or a request that the superior court conduct its own review of the files in question and, if necessary, direct the preparation of a transcript of the *in camera* proceedings. Petitioner omitted a crucial step—a proper motion—which could have provided him with the record required for review. The superior court properly declined to review the petition.

The petition for writ of mandate is denied.

Feinerman, P. J., and Eagleson, J., concurred.

Petitioner's application for review by the Supreme Court was denied November 14, 1985.