[No. B164180. Second Dist., Div. Eight. Mar. 26, 2003.]

JERRY BRANT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF LOS ANGELES, Real Party in Interest.

**COUNSEL**

Michael P. Judge, Public Defender, and Mark G. Harvis, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Rockard J. Delgadillo, City Attorney, Mark F. Burton, Assistant City Attorney, Kim Rodgers Westhoff and Martin R. Boags, Deputy City Attorneys, for Real Party in Interest.

**OPINION**

**BOLAND, J.—**

INTRODUCTION

Jerry Brant is a criminal defendant charged with possession of a controlled substance. He moved for discovery from the personnel files of the two arresting police officers under Evidence Code section 1043.[1] His basic contention was that the officers lied in their police report. Brant challenged the officers' account of the detention, search and manner in which his confession was obtained by providing his own version of the events, thereby making the officers' truthfulness material to the issues in the case. We conclude the trial court abused its discretion in denying the motion and grant his petition for a writ of mandate.

FACTUAL AND PROCEDURAL HISTORY

Brant was charged with one count of misdemeanor possession of a controlled substance in violation of Health and Safety Code section 11377. According to the report of the arresting police officers (Shearholdt and Moore), the officers were parked in their vehicle in a parking lot on the northeast corner of Santa Monica Boulevard and Highland Avenue. They saw Brant drive into the parking lot "with his vehicle stereo loud enough to hear at a distance in excess of 50 feet," in violation of Vehicle Code section 27007. They stopped Brant and conducted a traffic stop. Brant presented identification, and the officers discovered Brant driver's license was suspended. Officer Moore prepared a citation and explained to Brant that his vehicle was going to be impounded and searched. Officer Shearholdt searched Brant's vehicle and discovered a plastic baggie containing three pills. After confronting Brant with the pills, Brant said they were "X," which Officer Shearholdt understood was the street vernacular for the drug Ecstasy. Brant was arrested and Officer Moore advised him of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974]. Brant then told Officer Shearholdt where he purchased the pills and how much he paid for them.

Brant filed a motion for pretrial discovery under section 1043. Among other things, Brant asked for all complaints against Officers Shearholdt and Moore regarding "allegations of false arrest, planting evidence, fabrication of police reports, fabrication of probable cause, false testimony, perjury, [and] making false arrests . . . ." Counsel's supporting declaration stated,

---

[1]All further statutory references are to the Evidence Code, unless otherwise indicated.

"[T]he officers fabricated reasonable suspicion/probable cause in order [to] stop Mr. Brant. The music inside Mr. Brant's car was not too loud. Several night clubs were situated near the location where Mr. Brant was stopped. The music coming from those night clubs was much louder than that from Mr. Brant's car. After Mr. Brant was pulled over, Officer Moore checked Mr. Brant's California identification card and then immediately ordered Mr. Brant out of the car. Officer Moore then pat-searched and hand-cuffed Mr. Brant. While Officer Moore was searching Mr. Brant, Officer Shearholdt was searching Mr. Brant's car." In his declaration, counsel further explained that Officer Moore questioned Brant without advising him of his *Miranda* rights. Brant admitted having "X" pills inside the car. Officer Shearholdt said he found nothing in his search of Brant's car, but went back to the car after Officer Moore told him about Brant's confession. Officer Shearholdt then found the ecstasy in the car.

The Los Angeles Police Department opposed Brant's motion, arguing Brant failed to show good cause for the discovery and "the question of whether the officers did or did not have reasonable suspicion to stop and cite defendant for a violation of Vehicle Code section 27007 is a legal question which is properly addressed via a Penal Code section 1538.5 motion" to suppress.

The trial court denied the motion, ruling that (1) Brant had a "high burden" on his motion, (2) Brant himself did not provide a supporting declaration, (3) the officers had discretion to stop Brant's vehicle, and (4) Brant's concerns could be addressed by a motion to suppress under Penal Code section 1538.5. Brant filed a petition for writ of mandate in the appellate division of the superior court contending the trial court erred in denying his discovery motion. The appellate division summarily denied the petition and Brant filed a writ petition in this court. We notified the parties and the appellate division of our intention to issue a peremptory writ in the first instance and invited real parties in interest to file an opposition to the petition. After reviewing the matter further, we now grant the petition and issue a peremptory writ of mandate.

## DISCUSSION

### 1. *Controlling Law*

In *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*), our Supreme Court explained that a criminal defendant's right to discovery is based on the "fundamental proposition that [an accused] is entitled to a fair trial and an intelligent defense in light of all

relevant and reasonably accessible information. . . . [¶] . . . [¶] . . . [A]n accused . . . may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial." (*Id.* at pp. 535-536.) The court later explained, "In contrast to the detailed showing required by some civil discovery statutes (Code Civ. Proc., §§ 1985, 2036), the requisite showing in a criminal matter 'may be satisfied by general allegations which establish some cause for discovery' other than a mere desire for all information in the possession of the prosecution." (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84-85 [260 Cal.Rptr. 520, 776 P.2d 222] (*City of Santa Cruz*), citing *Pitchess, supra,* 11 Cal.3d at pp. 536-537.) The Legislature later not only reaffirmed but expanded the principles of discovery announced in *Pitchess* by codifying the procedure. (See *City of Santa Cruz, supra,* 49 Cal.3d at p. 84.)

Under section 1043, the moving party demonstrates "good cause" for the disclosure by simply showing (1) the personnel records are material to the subject matter in the pending litigation, (2) a reasonable belief the governmental agency has the type of information or records sought to be disclosed, and (3) the manner in which the proposed discovery will be used in litigating the matter. (§ 1043, subd. (b)(3); *City of Santa Cruz, supra,* 49 Cal.3d at p. 83; *People v. Memro* (1985) 38 Cal.3d 658, 680 [214 Cal.Rptr. 832, 700 P.2d 446].) ■ While section 1043 requires that good cause be shown by affidavits, there is no requirement the affiant have personal knowledge of the matters stated in the declaration, which may be based merely on information and belief. (*City of Santa Cruz, supra,* 49 Cal.3d at p. 86.) Accordingly, a declaration by the defendant's lawyer is sufficient. (*People v. Memro, supra,* 38 Cal.3d at p. 676.) The materiality of the requested information may be established by a reading of the police reports in conjunction with defense counsel's affidavit. (*City of Santa Cruz, supra,* 49 Cal.3d at pp. 85-86.)

If the trial court finds good cause, it must make further inquiry before any information may be released. After good cause is established, section 1045 provides the court must examine the information "in chambers" in conformity with section 915, that is, out of the presence of all persons except the person authorized to claim the privilege and other persons whom he or she is willing to have present. Further, the court must exclude from disclosure several enumerated categories of information, including: "(1) complaints more than five years old, (2) the 'conclusions of any officer investigating a complaint . . .' and (3) facts which are 'so remote as to make disclosure of little or no practical benefit.' " (*City of Santa Cruz, supra,* 49 Cal.3d at p. 83; § 1045, subd. (b); see also *Herrera v. Superior Court* (1985) 172 Cal.App.3d 1159 [218 Cal.Rptr. 742] [defendant entitled only to information that court, after conducting in camera review, determines is relevant to case].)

■ "The statutory scheme thus carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense. The relatively relaxed standards for a showing of good cause under section 1043, subdivision (b)—'materiality' to the subject matter of the pending litigation and a 'reasonable belief' that the agency has the type of information sought—insure the production for inspection of all potentially relevant documents. The in camera review procedure and disclosure guidelines set forth in section 1045 guarantee, in turn, a balancing of the officer's privacy interests against the defendant's need for disclosure." (*City of Santa Cruz, supra,* 49 Cal.3d at p. 84.) A motion for discovery of an officer's personnel records is addressed to the sound discretion of the trial court. (*Pitchess, supra,* 11 Cal.3d at p. 535; *City of San Jose v. Superior Court* (1998) 67 Cal.App.4th 1135, 1145 [79 Cal.Rptr.2d 624].)

When considering whether a defendant has demonstrated the "materiality" of the requested information, the Supreme Court has indicated we must apply the materiality standard of section 1043 in conjunction with the principles set forth in *Pitchess.* (See *City of Santa Cruz, supra,* 49 Cal.3d at pp. 84 & 85; *People v. Memro, supra,* 38 Cal.3d at pp. 679, fn. 19, 684.) *Pitchess* involved a defendant who was charged with battery on a police officer and asserted he acted in self-defense to the officer's excessive force. The defendant sought discovery of prior complaints against the officer concerning the officer's propensity for violence and excessive force. The court held the information was material, noting the information could be used to cross-examine the officer at trial, and was "unquestionably relevant and admissible" as character evidence of the officer's tendency to engage in violence. (*Pitchess, supra,* 11 Cal.3d at p. 537.)

In *People v. Memro,* the defendant was charged with murder after he confessed to two killings. He claimed his confession was coerced and moved for discovery of complaints relating to the interrogating officers' use of excessive force, aggressive behavior and violence. Defense counsel's declaration asserted the confession "came after an illegal arrest, promises of leniency, and threats of violence by the officers present," and the requested records would show it was the officers' habit or custom to engage in violent behavior and to show the officers' common plan, motive or intent to coerce confessions. (*People v. Memro, supra,* 38 Cal.3d at pp. 680-681.) Applying the materiality standard of section 1043, the Supreme Court held the defendant demonstrated good cause for the information requested because (1) counsel's declaration asserted the confession was coerced, and (2) discovery might lead to admissible evidence that the interrogating officers had a "habit or custom" of obtaining confessions by use of excessive force. (*Memro,* at pp. 681-682.)

In *City of Santa Cruz*, the defendant was charged with resisting arrest and exhibiting a knife. He moved for discovery of complaints regarding the arresting officers' use of excessive force in effecting arrests. His motion was supported by the police reports of his arrest and his counsel's declaration. The police reports indicated the defendant resisted arrest and one of the officers struck the defendant with his fists and wrestled him to the ground. In his declaration, defense counsel stated the officers handcuffed the defendant, threw him to ground, and stepped on his neck, thereby using excessive force. Counsel further stated that complaints of similar behavior by the officers would show their propensity to use force in effecting arrests. (*City of Santa Cruz, supra*, 49 Cal.3d at p. 85.)

In holding the defendant had shown good cause for the requested discovery, the court stated: "The police reports make clear that considerable force was used to effect the arrest. Counsel's declaration asserts that the officers used excessive force 'so as to make said arrest illegal and otherwise improper.' The declaration sets forth, on the basis of information and belief, a specific factual scenario to support that assertion. Counsel avers that she seeks the information relating to prior complaints of excessive force against the arresting officers to 'show a tendency or propensity on the part of the arresting officer[s] herein to engage in the use of unlawful and excessive force in the execution of the arrests.' [¶] Viewed in conjunction with the police reports, counsel's averments establish a plausible factual foundation for an allegation of excessive force, put the court on notice that the officers' alleged use of excessive force will likely be an issue at trial, and articulate a valid theory as to how the information might be admissible. [Citations.]" (*City of Santa Cruz, supra*, 49 Cal.3d at pp. 85-86.)

In *People v. Hustead* (1999) 74 Cal.App.4th 410 [87 Cal.Rptr.2d 875], the defendant was charged with felony evading of a police officer. Defense counsel alleged (1) the officer made material misstatements with respect to his observations of Hustead's driving, (2) the officer fabricated his dangerous driving, and (3) the officer's character, habits, custom and credibility would be a substantial issue at trial. (*Id.* at pp. 416-417.) After generally noting discovery is proper when a defendant or his counsel states under oath facts showing an officer's truthfulness will be a crucial issue at trial, the court explained discovery was proper in that case because "the police report indicated that [defendant] drove in a dangerous manner[,] . . . [while defendant's] counsel's declaration asserted that defendant did not drive in the manner suggested in the report, which led to a reasonable inference that the officer may not have been truthful. Therefore, it [became] relevant whether the officers [had] been accused of falsifying reports in the past." (*Id.* at p. 418; see also *People v. Gill* (1997) 60 Cal.App.4th 743, 750 [70 Cal.Rptr.2d

369] [where declaration stated defendant planned to show officer had planted cocaine in order to cover up excessive force and asked for records relating to excessive force, court held defendant had shown good cause and information could lead to admissible evidence of "habit or custom"].)

## 2. *Application of the Law to the Present Case*

 ■  Based upon the above principles, it is evident the trial court abused it discretion in this case and the error must be corrected by a peremptory writ of mandate. Instead of considering counsel's declaration in light of the principles outlined above, the trial court ruled that Brant failed to personally file a declaration or meet his "high burden," and that the officers had discretion to stop Brant. Each of these conclusions runs contrary to the now well-established principles for evaluating *Pitchess* motions.

Brant's motion disclosed his defense was that the arresting officers did not have reasonable suspicion to detain him and that his confession was obtained without advising him of *Miranda* rights. To support that theory, Brant's counsel stated in his declaration that the arresting officers lied that his car stereo was loud in order to stop him. Rather, the loud music was coming from nearby nightclubs. Counsel also described how Brant was placed in custody, and was questioned and confessed without an advisement of his rights. In short, Brant challenged the officers' account of the detention, search and manner in which his confession was obtained by providing his own version of the events, thereby making the officers' truthfulness material to the issues in the case. Consequently, Brant demonstrated good cause for discovery of complaints against Officers Shearholdt and Moore regarding "allegations of false arrest, planting evidence, fabrication of police reports, fabrication of probable cause, false testimony, perjury, . . . [and] making false arrests . . . ."[2]

The trial court denied Brant's motion by concluding that (1) the officers had the discretion to stop his vehicle because his driver's license was suspended and (2) Brant could file a motion to suppress under Penal Code section 1538.5. Not only did the trial court disregard Brant's account that there was no reason to stop his vehicle in the first place, but there was no basis in law for concluding that a discovery motion was inappropriate when challenging the existence of probable cause. To the contrary, *Pitchess* discovery is appropriate when a defendant seeks information to assist in a

---

[2]Brant also requested discovery of other information, including complaints relating to Officers Shearholdt's and Moore's use of excessive force. Brant made no contention that the arresting officers used excessive force against him. Thus, discovery of this type of information is not material to the case and not subject to discovery.

motion to suppress. (See *People v. Memro, supra,* 38 Cal.3d at p. 685 [denial of *Pitchess* discovery necessary to support motion to suppress resulted in prejudice to defendant and required reversal of conviction].)

In sum, Brant satisfied the criteria for discovery under section 1043, subdivision (b), and is entitled to an in camera hearing and a determination of relevance under the provisions of section 1045.

### DISPOSITION

We followed the procedures and gave the notice described in *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893]. No factual issues are disputed, the legal error is clear, and the matter should be expedited. Accordingly, a peremptory writ in the first instance is appropriate. (Code Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

Brant's petition is granted with regard to those categories of documents we described. Let a peremptory writ of mandate issue directing the appellate division to (1) vacate its summary denial of January 8, 2003, and (2) issue a new order directing the trial court to vacate its denial of November 13, 2002, and enter a new order granting Brant's motion with regard to those categories of documents we described.

Cooper, P. J., and Rubin, J., concurred.