[No. G032076. Fourth Dist., Div. Three. May 4, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
WENDELL PHILLIPS JOHNSON, Defendant and Appellant.

**COUNSEL**

Betty A. Haight, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Melissa A. Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FYBEL, J.—**

### INTRODUCTION

Defendant Wendell Phillips Johnson was charged with two counts of attempted possession of a controlled substance (Pen. Code, § 664; Health &

Saf. Code, § 11350, subd. (a)). Before trial, defendant filed a motion under Evidence Code sections 1043 through 1047 (known as a *Pitchess* motion named after the California Supreme Court's decision in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*)). (All further statutory references are to the Evidence Code unless otherwise specified.) On information and belief, defendant's counsel's declaration asserted a Santa Ana police officer untruthfully claimed defendant asked to purchase "chiva" (slang for heroin) and "powder" (slang for cocaine) from the officer and the defendant "maintains he never asked the officer for 'chiva' or 'powder' or negotiated for the purchase of either substance." Defendant's motion sought to discover the officer's personnel records pertaining to incidents "involving dishonesty, and/or the filing of false reports." The trial court summarily denied defendant's *Pitchess* motion.

At trial, the officer testified he had been posing as a drug dealer in an undercover narcotics operation when defendant asked to purchase "chiva" and "powder" from him. Defendant testified he did not ask the officer for heroin or cocaine, but instead attempted to purchase marijuana. Defendant further testified the officer never handed him anything before defendant was arrested. After the prosecution rested, defendant moved for acquittal under Penal Code section 1118.1. The trial court denied that motion. The jury convicted defendant on both counts. Defendant contends the trial court erred by denying his *Pitchess* motion and motion for acquittal.

We hold defendant was entitled to an in camera inspection of responsive documents under section 1045 because, as we describe, his *Pitchess* motion satisfied the requirements of section 1043. Therefore, the trial court erred by summarily denying defendant's *Pitchess* motion without the required in camera inspection. We reverse and remand.

██ In *People v. Hustead* (1999) 74 Cal.App.4th 410 [87 Cal.Rptr.2d 875], the court fashioned reasonable directions for the trial court under these circumstances, and we follow that model. In *People v. Hustead* (1999) 74 Cal.App.4th 410 [87 Cal.Rptr.2d 875], the court fashioned reasonable directions for the trial court under these circumstances, and we follow that model. Accordingly, we further hold that on remand: (1) the trial court must conduct an in camera inspection of the requested personnel records for relevance; (2) if the trial court's inspection on remand reveals no relevant information, the trial court must reinstate the judgment of conviction; and (3) if the inspection reveals relevant information, the trial court must order disclosure to defendant, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed.

In light of the possibility the in camera inspection of the requested personnel records will reveal no relevant information and the judgment of

conviction is reinstated pursuant to our directions, we address defendant's argument the trial court erred by denying his motion for acquittal. We conclude substantial evidence supported the finding that defendant exercised control over, or the right to control, the imitation heroin and cocaine. Therefore, we also hold the trial court correctly denied defendant's motion for acquittal.

## PROCEDURAL BACKGROUND

Defendant was charged with two counts of attempted possession of a controlled substance (Pen. Code, § 664; Health & Saf. Code, § 11350, subd. (a)). The information also alleged five strike priors and two prison priors.

Defendant filed a *Pitchess* motion seeking discovery of Officer Art Carranza's personnel records under sections 1043 through 1047. Defendant's counsel submitted a declaration in support of the motion, stating, "I have also reviewed the information in our office file and discussed the case with [defendant], and have ascertained that [defendant] maintains that he never asked the officer for 'chiva' or 'powder' or negotiated for the purchase of either substance. In fact, he never took possession of any packages of purported narcotics." Counsel's declaration further stated, "[A]s a result of a review of the file and a review of the investigation reports of the officers concerning the present case, and other information, I am informed and believe that the police officer involved in the arrest of [defendant] has not been truthful, and that it will be a defense in this matter that the officer in question has a pattern of dishonesty, and/or the filing of false reports." The prosecution opposed the motion primarily on the ground it constituted an improper " 'fishing expedition' " for confidential information.

At the hearing, the court denied defendant's motion, stating, "The defendant's assertion, without any other evidentiary support of deceit, false reporting, on the part of the officer, this court believes it insufficient to warrant an exploration of police records at this time. So, consequently, the motion pursuant to [*Pitchess*] is now denied." After the prosecution rested, defendant moved for acquittal under Penal Code section 1118.1. The trial court denied defendant's motion for acquittal.

The jury found defendant guilty on both counts. Defendant stipulated to a bench trial for the prior conviction allegations contained in the information. The trial court found the prior conviction allegations to be true. Defendant appealed.

## DISCUSSION

### I.

### The Trial Court Erred by Summarily Denying Defendant's Pitchess Motion.

Defendant contends the trial court erred by summarily denying his *Pitchess* motion seeking discovery of Officer Carranza's personnel files under section 1043. We review the trial court's denial of defendant's *Pitchess* motion for abuse of discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039 [130 Cal.Rptr.2d 672, 63 P.3d 228].)

In *Pitchess, supra,* 11 Cal.3d 531, 534, the defendant was charged with committing battery against four deputy sheriffs. The defendant asserted he had acted in self-defense in response to the use of excessive force by the deputy sheriffs (*ibid.*) and sought discovery of the deputies' discipline records as "necessary as character evidence" of the deputies' alleged violent tendencies to support his defense (*id.* at p. 537). The California Supreme Court stated, "Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information." (*Id.* at pp. 535–536.) The Supreme Court further stated, "[I]n contrast to the formal requirements for civil discovery, an accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial. [Citations.] The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' " (*Id.* at pp. 536–537.)

Concluding the trial court did not abuse its discretion in ordering the requested discovery, the Supreme Court explained, "the information which defendant seeks may have considerable significance to the preparation of his defense, and the documents have been requested with adequate specificity to preclude the possibility that defendant is engaging in a 'fishing expedition.' " (*Pitchess, supra,* 11 Cal.3d at p. 538.) The Supreme Court held the defendant demonstrated sufficient good cause "to warrant the trial court in compelling discovery." (*Ibid.*)

In 1978, the California Legislature reaffirmed and expanded the discovery principles set forth in *Pitchess, supra,* 11 Cal.3d 531, by enacting sections 1043 through 1047 and Penal Code sections 832.7 and 832.8. (*Alford v.*

*Superior Court, supra,* 29 Cal.4th at pp. 1037–1038; *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84 [260 Cal.Rptr. 520, 776 P.2d 222].)

■ Penal Code section 832.8 defines the term "personnel records," and Penal Code section 832.7 provides that such records are confidential and subject to discovery only pursuant to the procedures set forth in sections 1043 and 1046. Section 1043 provides:

"(a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice of the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

"(b) The motion shall include all of the following:

"(1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace or custodial officer whose records are sought, the governmental agency which has custody and control of the records, and the time and place at which the motion for discovery or disclosure shall be heard.

"(2) A description of the type of records or information sought.

"(3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records.

"(c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section except upon a showing by the moving party of good cause for noncompliance, or upon a waiver of the hearing by the governmental agency identified as having the records."

■ Although subdivision (b)(3) of section 1043 requires good cause be shown by affidavits, the affiant need not have personal knowledge of the matters stated in the declaration. (*Brant v. Superior Court* (2003) 108 Cal.App.4th 100, 105 [132 Cal.Rptr.2d 783].) A declaration submitted by the defendant's lawyer based on information and belief is sufficient. (*Ibid.*) "The

materiality of the requested information may be established by a reading of the police reports in conjunction with defense counsel's affidavit." (*Ibid.*)

 "Once this procedure has been complied with and notice has been provided to the agency having custody of the records, the trial court conducts an *in camera* examination of the material to determine its relevance to the case at hand. Certain information is immune from disclosure, while other information may be released according to the guidelines provided in Evidence Code section 1045." (*People v. Memro* (1985) 38 Cal.3d 658, 679 [214 Cal.Rptr. 832, 700 P.2d 446], fn. omitted.) Section 1045 requires the court, in determining relevance, to examine the information and exclude from disclosure: (1) complaints regarding conduct more than five years old, (2) the "conclusions of any officer investigating a complaint . . . ," and (3) facts that are "so remote as to make disclosure of little or no practical benefit." (§ 1045, subd. (b).) The defendant is entitled only to information the court concludes is relevant to the case, following the in camera review. (*Brant v. Superior Court, supra,* 108 Cal.App.4th at p. 105; *Herrera v. Superior Court* (1985) 172 Cal.App.3d 1159, 1163 [218 Cal.Rptr. 742].)

Our California Supreme Court has further explained, "The statutory scheme thus carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense. *The relatively relaxed standards for a showing of good cause under section 1043, subdivision (b)—'materiality' to the subject matter of the pending litigation and 'reasonable belief' that the agency has the type of information sought—insure the production for inspection of all potentially relevant documents.* The in camera review procedure and disclosure guidelines set forth in section 1045 guarantee, in turn, a balancing of the officer's privacy interests against the defendant's need for disclosure." (*City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d 74, 84, italics added.)

The Attorney General does not dispute that defendant's motion satisfied the requirements of section 1043, subdivisions (a) and (c). The Attorney General argues defendant's motion failed to meet the requirements of section 1043, subdivision (b). For the reasons described below, we conclude defendant's motion complied with section 1043, subdivision (b).

Defendant satisfied the requirements of subdivision (b)(1) of section 1043. Defendant's motion: (1) sought discovery of certain documents and records concerning Officer Carranza of the Santa Ana Police Department in *People v. Johnson* (Super. Ct. Orange County, 2003, No. 01CF3227) (the underlying case); (2) asserted through defendant's counsel's declaration that, "I believe the information sought exists and is in possession and under the control of the

Santa Ana Police Department, the Office of the District Attorney, or the Office of Citizen Complaints or their agents, and that the defendant cannot obtain the information from any other source, or by any other means than this motion"; and (3) gave notice the motion would be heard on Friday, July 12, 2002, at 9:00 a.m. in Department C-33 of the Orange County Superior Court, Central Justice Center.

Defendant's motion satisfied subdivision (b)(2) of section 1043 by describing the type of records defendant sought as follows: "Any and all documents concerning [Officer Carranza] as defined in Penal Code section 832.8[, subdivision] (e); records maintained pursuant to Penal Code section 832.5[, subdivision] (b); and any other records pertaining to [Officer Carranza] and that pertain to: [¶] (a) Record of any incidents involving dishonesty, and/or the filing of false reports; [¶] (b) Record of any complaint registered with movee against [Officer Carranza] by any prisoner, fellow prisoner, or private citizen based on complaints of incidents involving dishonesty, and/or the filing of false reports; [¶] (c) Record of disciplinary actions taken against [Officer Carranza] or possible disciplinary actions, to be taken as a result of any complaint or investigation; [¶] (d) The name, address and telephone number of any person or persons submitting complaints of the above-mentioned acts, including, but not limited to, all persons who have filed subsequent civil claims or lawsuits against any of the movees or their agencies; [¶] (e) The name, address and telephone number of any person or persons interviewed in connection with investigation of complaints involving any incidents involving dishonesty, and/or the filing of false reports; [¶] (f) The records of any statements of psychiatrists, psychologists, therapists or consultants relevant to complaints of any incidents involving dishonesty, and/or the filing of false reports contained in movees' files of [Officer Carranza]."

Defendant also satisfied section 1043, subdivision (b)(3), which requires an affidavit to show good cause for discovery, by (1) "setting forth the materiality thereof to the subject matter involved in the pending litigation" and (2) "stating upon reasonable belief that the governmental agency identified has the records or information from the records." The latter requirement was satisfied because the declaration of defendant's counsel stated counsel's belief the information sought was in the possession and under the control of the Santa Ana Police Department, the office of the district attorney, or the office of citizen complaints or their agents.

In determining whether the "materiality" requirement of section 1043, subdivision (b)(3) was satisfied, the Supreme Court held a trial court must apply the materiality standard of section 1043, subdivision (b) in conjunction with the principles set forth in *Pitchess, supra,* 11 Cal.3d 531. (*City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at pp. 84–85.)

In *Pitchess, supra,* 11 Cal.3d at page 538, the Supreme Court determined the defendant "demonstrated sufficient good cause" for discovery of the deputies' disciplinary records relating to complaints of excessive force because he requested information with "adequate specificity" which "may have considerable significance to the preparation of his defense."

In *Brant v. Superior Court, supra,* 108 Cal.App.4th 100, 109, the appellate court issued a peremptory writ of mandate directing the trial court and appellate division of the superior court to vacate their denials of Brant's *Pitchess* motion and to enter an order granting Brant's motion because Brant had shown good cause under section 1043 and was entitled to an in camera review of the requested documents. According to the police report, Brant was stopped by two police officers because they had observed him driving with his car stereo blaring so loud it could be heard over 50 feet away. (*Id.* at p. 103.) During the traffic stop, the officers discovered Brant's driver's license was suspended, prepared a citation, and searched Brant's vehicle during which they found the drug "Ecstasy." (*Ibid.*)

Brant filed a *Pitchess* motion for pretrial discovery under section 1043, requesting discovery of all complaints against the officers "regarding 'allegations of false arrest, planting evidence, fabrication of police reports, fabrication of probable cause, false testimony, perjury, [and] making false arrests.' " (*Brant v. Superior Court, supra,* 108 Cal.App.4th at p. 103.) Brant's counsel's declaration stated the officers had " 'fabricated reasonable suspicion/probable cause in order [to] stop Mr. Brant.' " (*Id.* at pp. 103–104.) The declaration further stated that the music emanating from Brant's car was not too loud and that the music coming from several nightclubs in the area was much louder. (*Id.* at p. 104.) Brant's counsel's declaration further asserted Brant was questioned without having been advised of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]. (*Brant v. Superior Court,* at p. 104.)

The trial court denied the motion, stating, in part, that Brant had a high burden on his motion, the officers had discretion to stop Brant's vehicle, and Brant's concerns could be addressed by a motion to suppress. (*Brant v. Superior Court, supra,* 108 Cal:App.4th at p. 104.) The appellate division of the superior court denied Brant's petition for a writ of mandate asserting error in the trial court's denial of his *Pitchess* motion. (*Ibid.*) The appellate court, however, concluded the trial court abused its discretion because "Brant's motion disclosed his defense was that the arresting officers did not have reasonable suspicion to detain him and that his confession was obtained without advising him of *Miranda* rights. To support that theory, Brant's counsel stated in his declaration that the arresting officers lied that his car stereo was loud in order to stop him. Rather, the loud music was coming from

nearby nightclubs. Counsel also described how Brant was placed in custody, and was questioned and confessed without an advisement of his rights. In short, Brant challenged the officers' account of the detention, search and manner in which his confession was obtained by providing his own version of the events, thereby making the officers' truthfulness material to the issues in the case. Consequently, Brant demonstrated good cause for discovery of complaints against [the officers] regarding 'allegations of false arrest, planting evidence, fabrication of police reports, fabrication of probable cause, false testimony, perjury, . . . [and] making false arrests . . . .' " (*Id.* at p. 108, fn. omitted.)

The appellate court found the trial court improperly disregarded Brant's account that there was no reason to stop his vehicle in the first place, and held, "[i]n sum, Brant satisfied the criteria for discovery under section 1043, subdivision (b), and is entitled to an in camera hearing and a determination of relevance under the provisions of section 1045." (*Brant v. Superior Court, supra,* 108 Cal.App.4th at pp. 108–109.)

Here, defendant's counsel's declaration stated (1) Officer Carranza claimed defendant asked him for heroin and cocaine (using the common slang terms for each) (a copy of the investigative report was attached as an exhibit to the declaration); (2) defendant "maintains that he never asked the officer for 'chiva' or 'powder' or negotiated for the purchase of either substance"; (3) defendant never took possession of any packages of the purported narcotics; (4) it appeared Officer Carranza's statements regarding defendant's conduct were "not truthful"; (5) evidence showing Officer Carranza had a pattern of dishonesty and filing false reports would be needed to "formulate and prove the defense in this case"; (6) the information sought by defendant's *Pitchess* motion appeared relevant "to prove character traits of [Officer Carranza], to refresh recollection, and to prove conduct, custody, propensity and habit in conformity with such traits"; and (7) "[t]he information regarding the propensities or traits reflected in or implied by the above acts [wa]s also needed to formulate and prove the defense in this case."

Defendant's counsel's declaration set forth a sufficient factual foundation showing Officer Carranza's truthfulness was material to the case.[1] With "adequate specificity," defendant's motion requested information pertaining to Officer Carranza's truthfulness which "may have considerable significance to the preparation of his defense." (*Pitchess, supra,* 11 Cal.3d at p. 538.)

---

[1] A defendant may seek records not only bearing on an officer's truthfulness, but also reflecting other or additional issues such as an officer's use of excessive force. (*Pitchess, supra,* 11 Cal.3d 531, 537.) A defendant must similarly show good cause by demonstrating the materiality of that information.

The Attorney General argues the trial court did not err by denying defendant's motion because: (1) defendant's motion failed to establish Officer Carranza had reason to believe other officers involved with defendant's arrest would cover up for Officer Carranza if he lied about providing defendant with imitation heroin and cocaine; (2) defendant's trial testimony that he tried to purchase marijuana as opposed to heroin and cocaine was dubious; (3) Officer Carranza had no motive to lie to get defendant into trouble; (4) the observations of the officer who witnessed defendant's interaction with Officer Carranza were consistent with Officer Carranza's testimony; and (5) although the officers who searched defendant and his car did not recover the imitation heroin and cocaine, it was possible defendant secreted them in a body cavity.

The Attorney General's arguments are not meritorious. Whether defendant's account of his interaction with Officer Carranza was less believable than Officer Carranza's account does not bear on whether defendant established *materiality* under section 1043, subdivision (b)(3). It does not matter—for purposes of satisfying section 1043, subdivision (b)(3)—whether it was likely Officer Carranza lied, whether it was unlikely Officer Carranza had any motive to lie, whether it was unlikely defendant would have tried to purchase marijuana instead of heroin and cocaine, or whether it was possible defendant had secreted the imitation heroin and cocaine in a body cavity.

■ In denying defendant's *Pitchess* motion without an in camera hearing under section 1045, subdivision (b), the trial court erred. Defendant was "entitled to an in camera hearing and a determination of relevance under the provisions of section 1045." (*Brant v. Superior Court, supra,* 108 Cal.App.4th at p. 109.)

II.

DENIAL OF AN IN CAMERA REVIEW WAS REVERSIBLE ERROR; EXPLANATION OF REMAND FOR FURTHER PROCEEDINGS.

In *People v. Hustead, supra,* 74 Cal.App.4th 410, the appellate court determined the trial court erred by summarily denying the defendant's *Pitchess* motion. The court stated, "Finding the trial court erred in failing to provide an in camera review does not end the analysis; appellant must also demonstrate he was prejudiced from the denial of discovery. [Citation.] We are unable to conclude that there is a reasonable probability that the discovery sought in this case would have led to admissible evidence helpful to appellant in his defense. [Citation.] There may not have been any complaints against [the officer] for the type of conduct appellant sought. In that case, appellant would not have been prejudiced because access to the officer's file would not

have led to any admissible evidence at trial. However, we must consider the possibility that such evidence may exist." (*Id.* at p. 418.)

The court in *People v. Hustead, supra,* 74 Cal.App.4th at pages 418–419 reversed the judgment and remanded the matter with the following directions: "[W]e will remand the case to the trial court to conduct an in camera hearing on the discovery motion. If there is no discoverable information in the file, then the trial court is ordered to reinstate the original judgment and sentence, and the judgment is ordered affirmed. [Citation.] If, however, there is relevant discoverable information in the officer's file, . . . appellant should be given an opportunity to determine if the information would have led to any relevant, admissible evidence that he could have presented at trial. [Citation.] If appellant is able to demonstrate that he was prejudiced by the denial of the discovery, the trial court should order a new trial. If appellant is unable to show any prejudice, then the conviction is ordered reinstated, and the judgment is ordered affirmed."

We agree with the reasoning and disposition of *People v. Hustead, supra,* 74 Cal.App.4th 410, and similarly reverse and remand the matter to the trial court with directions specified below in the disposition. If the trial court concludes defendant should have received information by virtue of his *Pitchess* motion, the proper standard for the trial court to use to determine prejudice is whether there is a reasonable probability the outcome would have been different had the information been disclosed. (*Id.* at pp. 421–423, relying on *People v. Marshall* (1996) 13 Cal.4th 799 [55 Cal.Rptr.2d 347, 919 P.2d 1280].)

III.

### THE TRIAL COURT PROPERLY DENIED DEFENDANT'S MOTION FOR ACQUITTAL.

In light of the possibility the in camera inspection of the requested personnel records reveals no relevant information and the judgment of conviction is reinstated pursuant to our directions, we address defendant's argument the trial court erred by denying his motion for acquittal.

Penal Code section 1118.1 provides, "[i]n a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal. If such a motion for judgment of acquittal at the close of the evidence

offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right." Following the prosecution's close of evidence, defendant moved for acquittal under Penal Code section 1118.1 as to both counts. Defendant's motion was denied.

Defendant contends the trial court erred by denying his motion for acquittal and solely argues: "The failure of the police to recover the simulated narcotics allegedly given to appellant immediately thereafter is completely inconsistent with the prosecution theory. The only rational interpretation of the evidence is that appellant never possessed the purported simulated narcotics. There is not substantial evidence to support the conviction." Our review, therefore, is limited to the determination whether substantial evidence supported the finding that defendant exercised control over, or the right to control, the imitation heroin and cocaine. (*People v. Crittenden* (1994) 9 Cal.4th 83, 139 [36 Cal.Rptr.2d 474, 885 P.2d 887].)

Substantial evidence showed: (1) Officer Carranza handed defendant imitation heroin and cocaine in exchange for $20 and $9, respectively; (2) after the sale was concluded, Officer Carranza gave a prearranged arrest signal to Officer Graves, who observed the interaction between Officer Carranza and defendant from a nearby unmarked car; (3) Officer Graves contacted Sergeant Conde and Corporal Haynes, who were staged in the area, told them Officer Carranza had given the arrest signal, and advised them to drive to the location; (4) after giving the arrest signal, Officer Carranza walked away from defendant's car; (5) Sergeant Conde and Corporal Haynes arrived in an unmarked police car within a minute and stopped defendant as he began to drive away in his car; (6) defendant was arrested; and (7) after searching defendant's person and car, the officers did not recover the imitation heroin and cocaine Officer Carranza gave defendant.

■ The evidence showed that after Officer Carranza gave defendant the imitation heroin and cocaine, defendant was alone for a time, albeit brief, before he was stopped by Sergeant Conde and Corporal Haynes. Defendant had the opportunity to dispose of the substances before he was arrested. The fact the officers never recovered the imitation heroin and cocaine after searching defendant and his car, therefore, is not inconsistent with the prosecution's theory that defendant exercised control over, or the right to control, the imitation heroin and cocaine based on Officer Carranza's testimony. The trial court, therefore, did not err by denying defendant's motion for acquittal.

### DISPOSITION

The judgment is reversed with directions. On remand, the trial court must conduct an in camera inspection of the requested personnel records for

relevance. If the trial court's inspection on remand reveals no relevant information, the trial court must reinstate the judgment of conviction. If the inspection reveals relevant information, the trial court must order disclosure, allow defendant an opportunity to demonstrate prejudice, and order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed.

Rylaarsdam, Acting P. J., and Ikola, J., concurred.