Filed 1/29/14  P. v. Kinrade CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>RYAN KINRADE,<br><br>      Defendant and Appellant. | B244145<br><br>(Los Angeles County<br>Super. Ct. No. BA380932) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Norman J. Shapiro, Judge.  Modified and, as so modified, affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Ryan Kinrade appeals from the judgment entered following a jury trial that resulted in his convictions for assault by means likely to produce great bodily injury and battery with serious bodily injury. The trial court placed Kinrade on probation for a term of three years, on condition he serve 120 days in county jail.

Kinrade contends sentence on one of the offenses should have been stayed pursuant to Penal Code section 654,[1] and imposition of a $240 restitution fine violated ex post facto principles. He also requests that we review the sealed record of the trial court's *Pitchess*[2] examination of police personnel records to determine whether the court abused its discretion by failing to order sufficient disclosure. (*People v. Mooc* (2001) 26 Cal.4th 1216.) We modify the judgment to impose only one restitution fine, and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[3]

In the early morning hours of May 2, 2009, Kyle Milholland and two female companions were leaving a club in Hollywood. As they walked through the parking lot, David Bonilla shoved Milholland in the back. When Milholland turned, Bonilla punched him in the chin. Milholland attempted to defend himself by "squaring up," putting his fists up, and backing away. Bonilla threw additional punches, which Milholland blocked. Milholland did not punch back. He told Bonilla that he did not want to fight, and demanded that Bonilla leave him alone. Milholland heard someone on his left yell something. When he turned to look, Kinrade ran up and punched Milholland in the eye, causing him to become disoriented and "stumbl[e] around." Someone pushed Milholland

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[3]    Because the details of the offenses are not necessary to resolution of the issues presented on appeal, we briefly summarize the evidence presented at trial.

2

from the other side, knocking him to the ground. Milholland curled up into a ball to protect himself. Kinrade, Bonilla, and their companions kicked and stomped Milholland's neck, head, and back for approximately one minute, until security guards pulled them away. The attack was filmed by the club's video surveillance system, and a tape was played for the jury.

After the attack Milholland's back was in "excruciating" pain. His eye was blackened and badly bruised. He was transported to the hospital, where he was treated for approximately 10 hours for a back injury. He was incapacitated and unable to work for two to three weeks. He still experienced back pain at the time of trial, three years after the attack.

2. *Procedure.*

Trial was by jury. Kinrade was convicted of assault by means likely to produce great bodily injury (§ 245, former subd. (a)(1)) and battery with serious bodily injury (§ 243, subd. (d)). The jury found Kinrade personally inflicted great bodily injury in commission of the assault (§ 12022.7, subd. (a)). The trial court suspended imposition of sentence and placed Kinrade on probation for a period of three years, on condition he serve 120 days in jail. It imposed restitution fines, court security fees, and criminal conviction assessments, and ordered Kinrade to pay $4,273 in victim restitution. Kinrade appeals.

DISCUSSION

1. *Review of in camera <u>Pitchess</u> examination of peace officer records.*

Before trial, Kinrade sought discovery of peace officer personnel records pursuant to *Pitchess v. Superior Court, supra*, 11 Cal.3d 531. He sought, as to an investigating officer, information related to complaints about "racial prejudice, dishonesty, false arrest, illegal search and seizure, the fabrication of charges and/or evidence." The trial court found good cause for an in camera review of the officer's records related to false police reports or statements. On March 7, 2012, the trial court conducted an in camera review and ordered discoverable material provided to the defense. Kinrade requests that we review the sealed transcript of the trial court's *Pitchess* review to determine whether the

3

court abused its discretion by failing to order disclosure of additional information.  (See *People v. Mooc, supra*, 26 Cal.4th 1216.)

The People argue that because the trial court granted the motion and ordered disclosure of some evidence, review is "unwarranted."  They urge that appellate review of an in camera hearing is "reasonable and appropriate" when the trial court determines that no discoverable material exists, but is "duplicative and unnecessary" when some disclosure is provided.  The People cite no authority for this proposition.  The only case cited, *Herrera v. Superior Court* (1985) 172 Cal.App.3d 1159 (*Herrera)*, does not assist them.  In *Herrera,* the trial court conducted an in camera review of peace officer records and ordered disclosure of some materials.  (*Id.* at p. 1162.)  The defense then sought to discover if any complaints had been withheld, and why.  *Herrera* held the trial court properly declined to provide this additional information, explaining:  "Although the moving party is entitled to appellate review of the *in camera* proceedings [citation], this right does not include what petitioner has asked for here:  disclosure of the 'general nature of the complaints or records not provided to the defense.'  The inquiry must end at some point, and the Legislature has provided that it ends when the court makes its determination as to which items should be disclosed.  Petitioner's right to appellate review is limited to a determination as to whether the lower court's ruling is correct." (*Id.* at p. 1163.)  Thus, contrary to the People's argument, *Herrera* holds an appellant *is* entitled to independent review of the in camera hearing whether or not information was disclosed.  (*Ibid.*; see also, e.g., *People v. Prince* (2007) 40 Cal.4th 1179, 1285-1286; *People v. Ochoa* (2011) 191 Cal.App.4th 664, 674-675.)  Kinrade does not seek to discover the type of information at issue in *Herrera,* that is, whether information on additional complaints, if any, was withheld.

Trial courts are vested with broad discretion when ruling on motions to discover peace officer records (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079, 1086), and we review a trial court's ruling for abuse (*People v. Mooc, supra*, 26 Cal.4th at p. 1228; *People v. Hughes* (2002) 27 Cal.4th 287, 330).  We have reviewed the sealed transcript of the in camera hearing

4

conducted on March 7, 2012.  The transcript constitutes an adequate record of the trial court's review of any documents provided to it, and reveals no abuse of discretion. (*Mooc*, at p. 1228; *Hughes*, at p. 330.)

   2.  *Sentencing issues.*

   a.  *Section 654 stay.*

As noted *ante,* the jury convicted Kinrade of assault by means likely to produce great bodily injury (count 1) and battery with serious bodily injury (count 2) based on his single assault on Milholland.  The trial court suspended imposition of sentence and placed Kinrade on probation for three years.

Section 654, subdivision (a), provides that an act or omission punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but not under more than one provision.  Thus, section 654 bars multiple punishments for separate offenses arising out of a single occurrence where all were incident to an indivisible course of conduct or a single objective.  (*People v. McKinzie* (2012) 54 Cal.4th 1302, 1368; *People v. Calderon* (2013) 214 Cal.App.4th 656, 661.)  Kinrade contends that "sentence on count two" must be stayed pursuant to section 654, because both convictions arose from a single course of conduct.  The People counter that the issue is moot, because Kinrade "has almost certainly already served the 120[-]day county jail sentence[s] imposed."  The parties agree that if section 654 applied, it would require that sentence on one of the counts be stayed.

Apart from the question of mootness, Kinrade's claim is not cognizable at this juncture.  Where imposition of sentence is suspended and the defendant is placed on probation, there is no punishment within the meaning of section 654, even if the probation is conditioned on jail time.  (See *People v. Wittig* (1984) 158 Cal.App.3d 124, 137 ["Because sentence was not imposed . . . , there is no double punishment issue"]; *People v. King* (1963) 218 Cal.App.2d 602, 611  ["Inasmuch as proceedings were suspended without imposition of sentence and the defendant placed on probation, no question of double punishment of the defendant for his conduct is involved"].)  Probation

5

is an act of grace and clemency designed to allow rehabilitation, and is not within the ambit of section 654's double punishment proscription. (*People v. Stender* (1975) 47 Cal.App.3d 413, 425.)

Nor do the various fines and assessments imposed require a section 654 stay. A court security fee (§ 1465.8, subd. (a)(1)) and a criminal conviction assessment (Gov. Code, § 70373) apply to each count of which a defendant is convicted. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483-484; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865.) Because these assessments do not constitute punishment, both must be imposed even on counts that are stayed pursuant to section 654. (*Sencion*, at p. 484; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.) A section 1202.4, subdivision (b) restitution fine may only be imposed once, on a single count.[4] (*Sencion*, at p. 483.) Because there is no sentence or punishment to be stayed, section 654 does not apply. The issue of double punishment will not arise unless and until Kinrade violates probation and is sentenced for his crimes, at which time he may raise a section 654 objection if appropriate. (*People v. Wittig, supra,* 158 Cal.App.3d at p. 137.)

b. *Restitution fine.*

At sentencing, the trial court imposed $240 restitution fines pursuant to section 1202.4, subdivision (b)(1), describing them as "automatic." Because the minimum restitution fine was $200 at the time he committed the offenses, Kinrade contends imposition of a $240 restitution fine violated ex post facto principles.

Section 1202.4, subdivision (b) requires that the trial court impose a restitution fine on all defendants convicted of a crime, absent compelling and extraordinary reasons for not doing so. The statute gives the court discretion to determine the amount of the fine. In 2009, when Kinrade committed his crimes, the minimum fine was $200 and the maximum was $10,000. (Former § 1202.4, subd. (b)(1); Stats. 2011, ch. 45, § 1.)

---

[4] The trial court appears to have erred by imposing the restitution fine twice. As we discuss *post,* we order this error corrected.

6

Section 1202.4 was amended effective January 1, 2012, to increase the statutory minimum to $240. (§ 1202.4, subd. (b), as amended by Stats. 2011, ch. 358, § 1.)

The ex post facto clauses of the state and federal constitutions prohibit statutes that retroactively increase the punishment for a crime. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *People v. McKee* (2010) 47 Cal.4th 1172, 1193; *People v. Schoop* (2012) 212 Cal.App.4th 457, 475; *People v. Callejas* (2000) 85 Cal.App.4th 667, 670; *People v. Palacios* (1997) 56 Cal.App.4th 252, 256-257.) "It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions." (*People v. Souza* (2012) 54 Cal.4th 90, 143; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) Accordingly, the amount of a restitution fine is calculated as of the date of the offense. (*Ibid.*)

However, even assuming arguendo the trial court intended to select the statutory minimum, Kinrade has forfeited any challenge to the amount of the restitution fine because he failed to object below. The rule of forfeiture applies to ex post facto claims, particularly where the alleged error could easily have been corrected had it been timely brought to the trial court's attention. (See *People v. White* (1997) 55 Cal.App.4th 914, 917.) "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see also, e.g., *People v. Gamache* (2010) 48 Cal.4th 347, 409; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207.)

Kinrade argues his claim may be addressed despite his failure to object because imposition of the fine constituted an unauthorized sentence. Not so. An unauthorized sentence may be corrected at any time, whether or not the defendant objected in the trial court. (*People v. Valenzuela, supra,* 172 Cal.App.4th at p. 1249; *People v. Holman* (2013) 214 Cal.App.4th 1438, 1450-1451; *People v. Turrin, supra,* 176 Cal.App.4th at p. 1205.) However, the unauthorized sentence exception is a " ' "narrow exception" ' " to the forfeiture doctrine that applies only where the sentence " ' "could not lawfully be

7

imposed under any circumstance in the particular case." ' " (*Turrin*, at p. 1205; *People v. Anderson* (2010) 50 Cal.4th 19, 26.) Under the version of section 1202.4 in effect when Kinrade committed his crimes, the trial court had discretion to impose an amount greater than $200. The $240 actually imposed was well within the statutory range permissible in 2009, and therefore was not unauthorized.

While not raised by the parties, it appears the trial court erroneously imposed the section 1202.4, subdivision (b) restitution fine twice.[5] As noted, a section 1202.4 restitution fine may be imposed only once on charges tried together in a single proceeding. (*People v. Sencion, supra,* 211 Cal.App.4th at p. 483; *People v. Holmes* (2007) 153 Cal.App.4th 539, 547 ["Where a defendant has been convicted of several felony offenses in one proceeding, a restitution fine is not imposed on '*each* count' but instead one fine is imposed taking into account all the offenses in the proceeding"]; *People v. McElroy* (2005) 126 Cal.App.4th 874, 885 ["Section 1202.4, subdivision (b), provides for a single restitution fine in every case"]; cf. *People v. Soria* (2010) 48 Cal.4th 58, 62-66.)

Thus, Kinrade was subject to only one section 1202.4, subdivision (b) restitution fine. Because two restitution fines could not lawfully be imposed under any circumstance in this case, imposition of the second fine amounts to an unauthorized sentence that may be corrected on appeal despite Kinrade's failure to object below. (*People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13; *People v. Smith* (2001) 24 Cal.4th 849, 852; *People v. Wilson* (2013) 219 Cal.App.4th 500, 518.) We order the minute order and the abstract of judgment modified accordingly.

---

[5]     The record before us does not contain the abstract of judgment. However, when imposing sentence the trial court queried of the court clerk, "remind me, $240 court security fee [*sic*], since there are two counts, it is doubled?" The clerk responded, "It's [$]240 for each count, $40 court security fee, each count, $30 criminal conviction assessment fine, both counts." The court's minute order indicates the $240 restitution fine was imposed twice, once on each count.

8

## DISPOSITION

The $240 restitution fine imposed on count 2 is stricken.  The clerk of the superior court is directed to correct the court's minute order dated September 20, 2012, and the abstract of judgment, to reflect this modification, and to forward a copy of the corrected abstract of judgment to the Department of Corrections.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.

9