Filed 12/8/14  P. v. Golson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT GOLSON,<br><br>    Defendant and Appellant. | A139004<br><br>(San Mateo County<br>Super. Ct. No. SC076981) |

Defendant Vincent Golson appeals a judgment entered upon a jury verdict finding him guilty of battery, domestic battery, and aggravated trespass.  On appeal, he asks us to review the transcript of in camera proceedings held pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) to determine whether they show the trial court abused its discretion in determining that no further police personnel records were subject to discovery.  We shall affirm the judgment.

## I.   BACKGROUND[1]

Defendant was charged with felony stalking of Jane Doe (Pen. Code,[2] § 646.9, subd. (a), count one), misdemeanor battery upon Jane Doe, with whom he had had a dating relationship (§ 243, subd. (e)(1), count two), misdemeanor aggravated trespass (§ 602.5, subd. (b), count three), and misdemeanor battery (§ 242, count four).  A jury found him not guilty on the felony stalking count and guilty on the three misdemeanor

---

[1] The limited nature of the issue on appeal does not require us to recite the underlying facts.

[2] All undesignated statutory references are to the Penal Code.

counts. The trial court sentenced him to concurrent sentences of one year for counts two and three, with a concurrent six-month sentence for count four. With credit for time served, defendant was released from custody.

Before trial, defendant brought a *Pitchess* motion asking the trial court to examine the personnel records of the police officer who arrested and questioned him. He also sought any further exculpatory evidence pursuant to *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*).[3] He contended the officer's report deliberately distorted what defendant told the officer. Defendant sought discovery of any prior complaints against the officer involving, inter alia, dishonesty or deceit in the performance of his duty. In a supplemental declaration, defendant pointed out that he had received information that in 2011 the officer had been charged with a misdemeanor, although the charges had been dismissed, and that the officer had been subject to disciplinary proceedings. Defendant sought discovery of the police report of the officer's arrest, as well as information on any other complaints made against the officer. Pursuant to a court order, defendant received a copy of the police report.

A hearing was held on defendant's motion, and the trial court found there was a sufficient basis to review the officer's personnel records for evidence of acts of dishonesty. The court also stated that if it came across any further material subject to disclosure under *Brady*, it would disclose that as well. After its in camera review of the records, the court found no further information was subject to disclosure pursuant to *Pitchess* or *Brady*.

## II. DISCUSSION

Defendant asks us to review the transcript of the in camera proceedings and independently determine if the trial court followed the proper procedures.

The statutory scheme for *Pitchess* motions "is set forth in Evidence Code sections 1043 through 1047 and Penal Code sections 832.5, 832.7 and 832.8. When a defendant

---

[3] In *Brady*, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ." (*Brady*, *supra*, 373 U.S. at p. 87.)

seeks discovery from a peace officer's personnel records, he or she must 'file a written motion with the appropriate court' (Evid. Code, § 1043, subd. (a)) . . . . [¶] If the trial court concludes the defendant has fulfilled [the] prerequisites and made a showing of good cause, the custodian of records should bring to court all documents 'potentially relevant' to the defendant's motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226 (*Mooc*). The trial court then examines these documents in camera, and, subject to certain limitations, discloses to the defendant " 'such information [that] is relevant to the subject matter involved in the pending litigation.' " (*Ibid.*, quoting Evid. Code, § 1045, subd. (a).) In conducting this in camera review, the trial court must make a record that is adequate for appellate review. (*Mooc*, *supra*, 26 Cal.4th at p. 1229; *People v. Guevara* (2007) 148 Cal.App.4th 62, 69.) To accomplish this, the court may either copy the documents if they are not voluminous and place them in a confidential file, prepare a sealed list of the documents it has reviewed, or "simply state for the record what documents it examined" and seal that transcript. (*Mooc*, *supra*, 26 Cal.4th at pp. 1229–1230.) On appeal, we review the record of the documents examined by the trial court and determine whether the trial court abused its discretion in refusing to disclose the contents of the personnel records. (*People v. Hughes* (2002) 27 Cal.4th 287, 330.) We may make our determination by reviewing a transcript of the in camera proceedings. (*Herrera v. Superior Court* (1985) 172 Cal.App.3d 1159, 1163.)

The record of the in camera proceedings does not indicate that the trial court copied the documents it reviewed, which it described as voluminous. However, in conducting its review, the trial court described the documents in sufficient detail to permit meaningful appellate review. (See *People v. Montes* (2014) 58 Cal.4th 809, 832–833.) We have reviewed the transcript and conclude the trial court followed the proper procedures and that it did not abuse its discretion in refusing to order further disclosure of the contents of the officer's personnel file.

## III.    DISPOSITION

The judgment is affirmed.

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.

4