Filed 10/19/20 P. v. Padilla CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL PADILLA,<br><br>    Defendant and Appellant. | B302320<br><br>(Los Angeles County<br>Super. Ct. No. YA094694) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge. Reversed and remanded with directions.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan J. Kline and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found Daniel Padilla guilty of three counts of assault with a deadly weapon upon a peace officer, and the trial court found true Padilla had suffered two prior felony convictions for which he served prison terms within the meaning of Penal Code section 667.5, subdivision (b).[1]  Padilla was sentenced to six years in state prison.  We conditionally reversed and remanded for the trial court to conduct an in camera *Pitchess*[2] review of personnel records for three City of Redondo Beach police officers and to provide Padilla with an opportunity to request a hearing on his ability to pay the court fines and assessments the trial court imposed.  (*People v. Padilla* (June 18, 2019, B285989 [nonpub. opn.] (*Padilla I*).)

On October 10, 2019 the trial court conducted an in camera *Pitchess* review and determined there were no discoverable documents.  It then reinstated the judgment.  Padilla again appeals and requests we review the sealed record of the trial court's in camera hearing to determine whether the court disclosed all relevant information in response to his *Pitchess* motion.  Padilla also contends the trial court failed to provide him an opportunity to request a hearing on his ability to pay the court fines and assessments.  Finally, Padilla argues, the People concede, and we agree his one-year prior prison term enhancement and the court's true finding on the two prison prior enhancements must be stricken under Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136).

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531, 536-538 (*Pitchess*).

We conclude the trial court abused its discretion in failing to turn over information in the personnel files of two police officers and failing to inquire of the custodian of records whether he reviewed and brought to the trial court all "potentially relevant" documents. The trial court also erred in reinstating the fines and assessments without providing Padilla an opportunity to request an ability to pay hearing on the fines and assessments. We conditionally reverse and remand to the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. *The Evidence at Trial, Verdicts, and Sentencing*

On July 21, 2016, City of Redondo Beach Police Sergeant Michael Strosnider and Officer Joshua Spry were at the Manor Motel in Hawthorne for a probation search of Kelly Kimbell. Among other things, the officers found bullets, which Kimbell claimed belonged to Padilla. When Padilla drove into the parking lot, Kimbell yelled for him to leave. Officer Spry directed Padilla to put his vehicle in "park" or turn it off, but Padilla instead reversed out of his parking space, forcing Officer Spry to move out of the way. Officer Spry pointed his firearm at Padilla's vehicle and ordered him to stop, but Padilla continued backing out of the space and drove at a high rate of speed out of the parking lot. (*Padilla I, supra*, B285989.)

After learning from Kimbell that Padilla would be at the Best Western hotel in Lawndale on August 2, 2016, Sergeant Strosnider, as well as City of Redondo Beach Police Lieutenant Joseph Hoffman and Officers Weiss, Salvador Garcia, Ryan Harrison, and Derek Theurer went to the Best Western on August 2 to arrest Padilla. When Padilla drove into the parking lot of the Best Western, Lieutenant Hoffman and Officers Garcia

3

and Theurer followed him and positioned their cars to prevent him from exiting the lot. Once Padilla saw the police cars, he drove in reverse out of the parking lot and headed directly toward the police cars at top speed. A shootout ensued, with Officers Harrison, Weiss, Garcia, and Lieutenant Hoffman shooting at Padilla as he drove toward one and then another of the officers' vehicles. Padilla's vehicle crashed into Lieutenant Hoffman's parked vehicle, and Padilla was arrested. A loaded firearm was recovered from his car. (*Padilla I, supra*, B285989.)

The jury found Padilla guilty of three counts of assault arising from the Best Western incident and acquitted him of the assault count arising from the Manor Motel incident. The court found the two prison prior allegations to be true. The trial court sentenced Padilla to six years in prison, consisting of the upper term of five years on count 2 for assault, with concurrent five-year terms for counts 3 and 4, and a consecutive term of one year pursuant to section 667.5, subdivision (b), for a single prison prior. The court dismissed the remaining prison prior allegation. The court imposed a $300 restitution fine (§ 1202.4), stayed a parole revocation restitution fine in the same amount (§ 1202.45), and imposed $90 in criminal conviction assessments (Gov. Code, § 70373) and $120 in court operations assessments (Pen. Code, § 1465.8). (*Padilla I, supra*, B285989.)

B.    *Padilla's* Pitchess *Motion*

Prior to trial, Padilla filed a *Pitchess* motion under Evidence Code section 1043 seeking discovery of personnel records concerning excessive force, fabrication, and falsification of police reports involving Sergeant Strosnider, Lieutenant Hoffman, and Officers Spry, Garcia, Harrison, and Weiss. The trial court granted the motion as to Sergeant Strosnider,

4

Lieutenant Hoffman, and Officer Spry, but it denied the motion without explanation as to Officers Garcia, Harrison, and Weiss. (*Padilla I, supra*, B285989.)

C.     Padilla I

Padilla appealed, and we concluded Padilla had shown good cause for discovery of the personnel records of Officers Garcia, Harrison, and Weiss. We also concluded Padilla should have had an opportunity to request a hearing demonstrating his inability to pay the fines and assessments in accordance with our opinion in *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168 (*Dueñas*). We conditionally reversed and remanded for the trial court to conduct an in camera review of the records of Officers Garcia, Harrison, and Weiss. We also directed the trial court to afford Padilla an opportunity to request a hearing on his ability to pay. We otherwise affirmed. (*Padilla I, supra*, B285989.)

D.     *Proceedings on Remand*

On September 5, 2019 the trial court entered a minute order indicating it had reviewed the remittitur and would conduct a "*Pitchess* in camera hearing" on October 10, 2019. The minute order was silent as to whether Padilla would have an opportunity on the day of the in camera hearing to request an ability-to-pay hearing. The court clerk served the minute order on the district attorney and the Redondo Beach City Attorney's office, but not on Padilla's counsel.

On October 10, 2019 the trial court conducted a *Pitchess* hearing in camera. Following its in camera review, the trial court stated in open court with the prosecutor present, but not Padilla or his attorney, that Padilla's attorney called the day before the hearing "and indicated if we needed him available that

5

he would contact the Court.  So he's present telephonically, if you will."  The trial court stated, "[T]he Court has conducted an in camera review.  There's no discovery that has to be tendered.  Hence, pursuant to the remittitur, this Court determines that there is no relevant information, and the judgment is reinstated."  The October 10, 2019 minute order provided, "A hearing after remittitur was set on this date and in this department to address the in camera review on *Pitchess*.  No relevant information was contained.  [¶]  This court, pursuant to instructions, reinstates the judgment in full, including fines and fees pursuant to *People versus Hick*[s] [(2019) 40 Cal.App.5th 320]."  The court did not hold a hearing on Padilla's ability to pay the fines and court assessments.

Padilla again appealed.

## DISCUSSION

A.  *The Trial Court Failed To Comply with Its Obligations Under* Pitchess

"'When a defendant shows good cause for the discovery of information in an officer's personnel records, the trial court must examine the records in camera to determine if any information should be disclosed.'" (*People v. Rivera* (2019) 7 Cal.5th 306, 338 (*Rivera*); accord, *People v. Anderson* (2018) 5 Cal.5th 372, 391 (*Anderson*).)  "'The court may not disclose complaints over five years old, conclusions drawn during an investigation, or facts so remote or irrelevant that their disclosure would be of little benefit.'" (*Rivera*, at p. 338; accord, *People v. Winbush* (2017) 2 Cal.5th 402, 424; see Evid. Code, § 1045, subd. (b).)  "'*Pitchess* rulings are reviewed for abuse of discretion.'" (*Rivera*, at p. 338; accord, *Anderson*, at p. 391.)

Padilla requests we review the sealed portion of the record, which includes the transcript of the in camera hearing. The People do not object to our review. Padilla's request for an independent review of the sealed record is proper. (*Anderson, supra*, 5 Cal.5th at p. 391 ["Defendant properly asks us to review the sealed record of the in camera hearing to determine whether the court erroneously failed to provide discovery that he should have received."]; *Rivera, supra*, 7 Cal.5th at pp. 338-339 [Supreme Court reviewed sealed transcript of in camera hearings and sealed exhibits].)

We have reviewed the sealed transcript of the trial court's in camera review. We conclude the trial court abused its discretion in failing to order disclosure of information relating to the complaints described in the transcript at page 303, line 2 through page 304, line 10 (complaint 1) and page 305, line 27 through page 307, line 4 (complaint 2).

In addition, our review of the record shows the trial court failed to inquire of the custodian whether he brought all potentially relevant records to court. A trial court is obligated to ensure the custodian "br[ings] to the trial court 'all "potentially relevant" documents to permit the trial court to examine them for itself' . . . and state[] for the record 'what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion.'" (*Rivera, supra*, 7 Cal.5th at p. 339; accord, *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229.)

Because the trial court did not comply with its obligations under *Pitchess*, we conditionally reverse the judgment and remand for the trial court to conduct a further in camera review of the personnel records of Officers Garcia, Harrison, and Weiss.

In its review, the court must inquire of the custodian whether he or she has brought to the court all potentially relevant documents. (*Rivera, supra*, 7 Cal.5th at p. 339.)  The court is to review any additional documents the custodian produces in response to Padilla's *Pitchess* motion and order disclosure to defense counsel of information relating to complaints 1 and 2 and any other complaints or documents the court determines at the in camera hearing are discoverable.

Following the disclosures, the trial court must give Padilla an opportunity to demonstrate prejudice, and it must order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed.  (See *People v. Gaines* (2009) 46 Cal.4th 172, 182 ["To obtain relief, then, a defendant who has established that the trial court erred in denying *Pitchess* discovery must also demonstrate a reasonable probability of a different outcome had the evidence been disclosed."]; *People v. Johnson* (2004) 118 Cal.App.4th 292, 305 ["If the trial court concludes defendant should have received information by virtue of his *Pitchess* motion, the proper standard for the trial court to use to determine prejudice is whether there is a reasonable probability the outcome would have been different had the information been disclosed."]; *People v. Hustead* (1999) 74 Cal.App.4th 410, 423 ["If the in camera hearing reveals discoverable information bearing on the officer's honesty which could lead to admissible evidence helpful to appellant in defense of the charge, the trial court shall grant the requested discovery, allow appellant an opportunity to demonstrate prejudice, and order a new trial if prejudice is demonstrated."].)  If the trial court finds no prejudice, it shall reinstate the judgment.

B.    *The Trial Court Denied Padilla an Opportunity To Request an Ability-to-pay Hearing*

Padilla contends the trial court erred in reinstating the fines and assessments at the hearing scheduled for the court's in camera review without giving him an opportunity to request a hearing and present evidence of his inability to pay. The People argue the court did not err in reinstating the judgment because Padilla's attorney was available by telephone but elected not to request a hearing on Padilla's ability to pay. The People also argue "imposition of the restitution fine was constitutional, and any due process violation in the imposition of the non-punitive fines was harmless" for the reasons set forth in *People v. Hicks*, *supra*, 40 Cal.App.5th at page 322, review granted Nov. 26, 2019, S258946. Padilla has the better argument.

In *Padilla I, supra*, B285989 we instructed the trial court, "On remand, the trial court is . . . directed to afford Padilla the opportunity to request a hearing on his ability to pay the court facilities assessments (Gov. Code, § 70373), court operations assessments ([Pen. Code, ]§ 1465.8) and restitution fine ([*id*., ]§ 1202.4). If the court determines he is unable to pay, the assessments may not be imposed, and the court must stay the execution of the restitution fine." Although Padilla opted not to appear on the day of the trial court's in camera *Pitchess* hearing, the court did not give notice to the parties (which, in any event was not served on Padilla) that it intended following the in camera hearing to reinstate the judgment without affording Padilla an opportunity to request a hearing on his ability to pay the fines and assessments.

In addition, it appears the trial court intended to deny Padilla a hearing on his ability to pay, instead reinstating the fines and assessments "pursuant to *People versus Hick*[*s*]." This

was error. In *People v. Hicks, supra,* 40 Cal.App.5th at page 322, the court concluded this court's decision in "*Dueñas* was wrongly decided." But regardless of the trial court's preference to follow *Hicks* instead of *Dueñas,* the court was not at liberty to defy our remand order requiring it to allow Padilla an opportunity to request a hearing. "When an appellate court's reversal is accompanied by directions requiring specific proceedings on remand, those directions are binding on the trial court and *must* be followed." (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982; accord, *Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 ["When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void."]; *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 860 ["On remand, the trial court must adhere to the reviewing court's directions even if the lower court is convinced the appellate court's decision is wrong or has 'been impaired by subsequent decisions.'"].)

Moreover, as we explained in *People v. Belloso* (2019) 42 Cal.App.5th 647, 649, review granted March 11, 2020, S259755, "We find unpersuasive the analyses of the courts that have disagreed with *Dueñas,* as exemplified by the two most recent cases rejecting this court's due process analysis, *People v. Hicks*[*, supra,*] 40 Cal.App.5th 320, 326 . . . and *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1061 . . . ."[3]

---

[3] The People also rely on *People v. Kopp* (2019) 38 Cal.App.5th 47, 96-97, review granted Nov. 13, 2019, S257844,

10

We therefore again remand with directions for the trial court to afford Padilla an opportunity to request a hearing and present evidence demonstrating his inability to pay the fines and assessments imposed by the trial court. The court shall ensure Padilla has an opportunity to make this request by inquiring at a hearing whether Padilla requests an ability-to-pay hearing. As we instructed in *Padilla I, supra*, B285989, if the court determines Padilla does not have the ability to pay the assessments, they may not be imposed; if he does not have the ability to pay the restitution fine, the court must stay its execution.

C.    *The Trial Court Must Strike the One-year Prior Prison Enhancement and the True Finding on the Two Prison Prior Allegations*

Padilla contends, the People concede, and we agree that, pursuant to Senate Bill 136, the one-year prison prior enhancement the trial court imposed under section 667.5, subdivision (b), and the court's true finding on the prison prior allegations must be stricken.

Effective January 1, 2020, Senate Bill 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), to provide for a one-year prior prison term sentence enhancement only for

---

which applied a *Dueñas* due process analysis to imposition of the court assessments but analyzed the restitution fines under the Eighth Amendment. In granting review in *Kopp*, the Supreme Court limited briefing and argument to the following issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?" (Supreme Ct. Minutes, Nov. 13, 2019, p. 1622.)

sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b). (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-341.) Senate Bill 136 applies retroactively to Padilla because Padilla's sentence was not final at the time the new law became effective on January 1, 2020. (*Jennings*, at p. 682 ["Senate Bill No. 136's . . . amendment to section 667.5, subdivision (b) applies retroactively to all cases not yet final as of its January 1, 2020, effective date."]; *Lopez*, at pp. 341-342 [applying Sen. Bill 136 retroactively]; see *In re Estrada* (1965) 63 Cal.2d 740, 744 [Absent contrary legislative intent, "[i]f the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies."].) Because Padilla's prior prison term enhancement was based on a conviction for recklessly evading peace officers in pursuit (Veh. Code, § 2800.2, subd. (a)), which is not an enumerated sexually violent offense (Welf. & Inst. Code, § 6600, subd. (b)), Padilla is entitled to have the prior prison term enhancement findings and one-year sentence stricken.

## DISPOSITION

The matter is reversed and remanded for the trial court to conduct a new in camera *Pitchess* hearing for which the custodian of records brings to the court all potentially relevant documents relating to excessive force, fabrication, and falsification of police reports involving Officers Garcia, Harrison, and Weiss. The court shall order disclosure to Padilla of information relating to complaints 1 and 2 and any other complaints or other documents

found to be discoverable during the in camera review. Following the disclosures, Padilla shall be afforded an opportunity to demonstrate prejudice, and the trial court shall order a new trial if there is a reasonable probability the outcome would have been different had the information been disclosed. If the trial court finds no prejudice, the judgment shall be reinstated.

If the judgment is reinstated, the trial court shall strike the one-year prison prior enhancement and the court's true finding Padilla served two prior prison terms, and it shall resentence Padilla. The trial court is further directed to afford Padilla an opportunity to request a hearing on his ability to pay the court facilities and court operations assessments and restitution fine. The court shall specifically inquire whether Padilla requests an ability-to-pay hearing. If the court determines Padilla is unable to pay, the assessments shall not be imposed, and the court must stay execution of all restitution fines.


FEUER, J.

We concur:


PERLUSS, P. J.


RICHARDSON, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13